PHILLIPS v. POSTAL TELEGRAPH-CABLE COMPANY.

(Filed November 5, 1902.)

EVIDENCE—*Incompetent—Telegraphs—Harmful Error.*

In an action to recover damages for the maintenance of telegraph poles on land, the evidence of a witness, an adjacent land-owner, that he would not have the poles across his land for several hundred dollars, was incompetent.

PETITION to rehear this case, reported in 130 N. C., 513, allowed.

*J. R. McIntosh, F. H. Busbee,* and *Walser & Walser,* for the petitioner.

*E. E. Raper,* in opposition.

FURCHES, C. J.   This is a petition to rehear this case, decided at the last term of the Court and opinion published in 130 N. C., 513.   There are many errors assigned in the petition, and while they have all been considered, we find but one error, and for that we grant the petition and a new trial.

This error was not overlooked on the former hearing, but it was then thought by a majority of the Court to be harmless. The witness Sink, introduced by the plaintiff for the purpose of proving the amount of damage done the plaintiff's land by reason of the poles being on the land, testified that he did not know, but he was an adjacent landowner to the plaintiff, and

was then allowed to testify, over the objection of the defendant: "I would not have those poles across me for several hundred dollars." The poles were erected on the land before the plaintiff became the owner of it. This removed any idea of damages for the trespass of going upon the lands to erect the poles, and the only question to be considered by the jury was that of damages for the right of the defendant to have and keep them there. For this, they awarded the plaintiff $180, which, in the opinion of the Court, was excessive. The Court is asked to grant the petition and a new trial for this reason, and cases are cited to sustain this contention.

But whatever may have been done by the courts of other jurisdictions, we can not grant the defendant's petition upon that ground without reversing a long line of decisions of this Court, made with such unanimity that we are unable to find one to the contrary.

But as the verdict, in our opinion, is excessive, and as there is no evidence to support it, except that of plaintiff, which puts his damage at $800, and this estimate seems to have been so extravagant that the jury disregarded it, and, if they did, it only left the erroneously admitted evidence of Sink for them to base their finding upon. The Court did not hold, in considering this case at the last term, that this evidence was properly admitted, but thought it harmless. But upon a review of the case, we think it might, and probably did, influence the jury in finding the amount of damages they did. And for this reason, and this alone, we allow the petition and award the defendant a new trial.

Petition allowed and a new trial awarded the defendant.