## BULLOCK v. LAKE DRUMMOND CANAL & WATER CO.

(Filed March 17, 1903.)

1. EVIDENCE—*Estates—Title—Possession.*

In an action for damages to land, the title being in issue, the plaintiff may show possession for more than 30 years under a deed which is in evidence, and the question of title should be left to the jury.

2. EVIDENCE—*Proof—Estates—Title.*

In an action brought for damages to land, there being no adverse claimant, and where the proof of ownership is only to identify plaintiff as the person entitled to sue, he is not bound by the same strict rules of proof as where the recovery of the land is the object of the action.

3. EVIDENCE—*Canals.*

In an action for injuries to land by changing a canal it is not competent to show the effect of the change on the land of an adjoining landowner.

4. EVIDENCE—*Competency—Canals.*

In an action for injuries to land by changing a canal, evidence that the superintendent of the canal told the plaintiff that he could not drain into the canal unless he sold some land to the defendant, is competent.

ACTION by Robert and Eliza Bullock, his wife, against the Lake Drummond Canal & Water Company, heard by Judge *M. H. Justice* and a jury, at December (Special) Term, 1902, of the Superior Court of CAMDEN County. From a judgment for the plaintiffs, the defendant appealed.

*E. F. Aydlett* and *Williams & Leigh,* for the plaintiffs.

*Pruden & Pruden* and *Shepherd & Shepherd,* for the defendant.

DOUGLAS, J.   This is one of a series of cases for damages to land arising out of the deepening and widening of the defendant's canal in 1898, and is governed by the principles discussed in *Mullen v. Canal Co.,* 130 N. C., 496; *Williams v. Canal Co.,* 130 N. C., 746; *Pinnix v. Canal Co.,* and *Norris v. Canal Co.,* at this term.   In the case at bar an additional question is raised as to the *feme* plaintiff's ownership of the land.   The following statement appears in the record: "Plaintiffs introduced a deed from Chamberlain, administrator, to Eliza Bullock, dated June 11, 1866, which described the land in controversy by metes and bounds.   No other paper title was introduced.   Robert Bullock, for the plaintiffs, testified as follows:   That the boundary in deed is the same as that in complaint.   He was asked when he and his wife went into possession of the land described in the deed, and how long they remained in possession.   Defendant objected to this question; objection overruled and defendant excepted. (1st Exception).   He answered that he and his wife went into possession of the land in 1866, after the deed was executed and have remained in possession ever since.   Defendant objected to this.   Objection overruled and exception by defendant."   The learned counsel for the defendant do not allude to this point in their brief, nor do they press it in their oral argument; but as it was not specifically abandoned, we feel constrained to say that in our opinion the testimony was entirely competent.   We are at a loss to find either reason or authority to the contrary.   It was material as it tended directly to prove a material fact at issue.   Actual possession by the plaintiffs, open, adverse and uninterrupted for more than thirty years under color of title, would ripen into title under any statute of limitations.   *Bryan v. Spivey,* 109 N. C., 57.

The witness Bullock also testified to various continuous acts indicating ownership, and among other things said that "Nobody made claim to land against us, and nobody been in pos-

session but us." Therefore the court properly refused the defendant's prayer, which was as follows: "That the evidence in this case is not sufficient to show title to the six hundred acres of land described in the complaint, and 'the jury will answer 'No' as to that tract." The question of ownership was properly submitted to the jury, and by them found for the plaintiffs. They could not have found otherwise if they believed the testimony, which was uncontradicted.

In actions brought for damages to land where there is no adverse claimant, and where the only object in requiring the plaintiff to prove ownership is to identify him as the person entitled to sue, he is not bound by the same strict rules of proof as where the recovery of the land is the object of the action. In *Nelson v. Ins. Co.*, 120 N. C., 302, which was an action upon a fire insurance policy, this court said "The possession of land under a deed apparently good and sufficient, properly acknowledged and recorded and unimpeached, is sufficient evidence of title." There is another exception not alluded to in either brief or argument, but still upon the record. The defendant asked one of its witnesses as to what effect this work (on the canal) had had on his own property adjoining the plaintiffs'. Upon objection of the plaintiff the question was excluded. We see no error in such exclusion. The witness had already testified as to the value of the plaintiffs' property both before and after the work, stating in substance that it had not been damaged, and this was the tract at issue. To inject another collateral question which might itself be disputed, is not permissible under our decisions. *Phillips v. Telegraph Co.*, 131 N. C., 225; *Rice v. Railroad*, 130 N. C., 375 and cases therein cited. The plaintiff Bullock was permitted to testify that Gary, the defendant's superintendent in charge of the work, told him that he (Bullock) should not drain into the canal, unless he sold some land to the defendant. No reason is given by the de-

fendant why this testimony was not competent, and we see none. It tended to prove that the defendant refused to permit the plaintiffs to do an act which might materially have lessened their damages. The judgment of the court below is Affirmed.