### DALE v. SOUTHERN RAILWAY CO.

(Filed May 26, 1903.)

1. TRESPASS—*Damages—Injury to Property—Harmless Error.*

   In an action for damages for trespass on realty, the refusal of the trial court to instruct that there was no evidence of any damage prior to the commencement of the action, is harmless error, the jury having found only nominal damages.

2. LANDLORD AND TENANT—*Parties—Trespass—Injury to Property —Acts 1895, Ch. 224—Lease.*

   A lessee may sue for injuries to his leasehold without making the lessor a party.

3. TRESPASS—*Injury to Property—Damages—Acts 1895, Ch. 224.*

   In an action for damages for trespass on realty, a lessee is entitled to damages accruing up to the trial.

ACTION by M. L. Dale against the Southern Railway Company and others, heard by Judge *W. A. Hoke* and a jury, at October Term, 1902, of the Superior Court of BURKE County. From a judgment for the plaintiff, the defendants appealed.

*Avery & Ervin,* for the plaintiff.
*George F. Bason* and *S. J. Ervin,* for the defendants.

DOUGLAS, J.   This was an action for damages to his lease-hold alleged to have been sustained by the plaintiff on account of a trespass committed by the defendant in filling up a ditch while engaged in changing the grade of its roadbed near Silver Creek, in Burke County.   This ditch or branch was a natural water course.   The action was instituted on March 3, 1902, by the plaintiff, who alleged that he was a tenant in possession of the land under a lease for a term of two years from and after January 1, 1902, and that by reason of the obstruction of a ditch by the defendant in the winter of 1901 and 1902, the flow of the water from the leased premises was prevented, and the crops for the years 1902 and 1903 would be greatly lessened and reduced in amount, the plaintiff tenant being entitled under his contract of lease to one-third of the grain and one-half of the hay raised on said land.   The landlord was not a party to the action.   The defendant contended (1) That there were no damages as alleged; (2) that the work was done by Oliver & Co., independent contractors, and that if any damage was done, the said contractors were alone responsible therefor; (3) that in any event, no damage could be had against the defendant company accruing after the commencement of the action in March, 1902.   The following were the issues and answers thereto:

1.   Did the defendant, the Southern Railway Company, wrongfully and unlawfully trespass upon the premises and estates of the plaintiff, causing damage to the same?   Yes.

2.   What damage has the plaintiff suffered by the wrong and injury to time of action commenced?   Five cents.

3.   What is the entire damage the plaintiff has sustained by this wrong and injury?   $250.

The first exception was to the refusal of the court to grant a new trial.   As we see no error in the conduct of the trial, this motion was properly refused.

The contention of the defendant in the court below that the contractors, Oliver & Co., were alone responsible for the alleged injury, seems to have been abandoned in this court, as it was neither pressed in the argument nor alluded to in the defendant's brief. In any event it is unavailing, as Parsons, the defendant's witness and engineer in charge, testified that "the entire work was under the supervision of the Southern Railway engineer and done as he directed." As there was no evidence to the contrary, the plea of avoidance, whose burden was on the defendant, could not have been sustained.

The only exceptions discussed in the defendant's brief are the third, fourth, sixth, eighth and ninth. The sixth exception is to the refusal of the court to give the following prayer: "There is no evidence tending to show that the plaintiff sustained any damage prior to the third day of March, 1902, and you should therefore answer the third issue No." This instruction was properly refused, as the trespass would of itself have entitled the plaintiff to nominal damages. As the jury found only nominal damages, five cents, the defendant has no cause to complain. The other exceptions all depend directly or indirectly on the right of the plaintiff to recover for damages accruing after the commencement of the action. The defendant's brief seems to rely principally upon the *dissenting* opinion in the case of *Beach v. Railroad,* 120 N. C., 498. While that dissenting opinion contains some well-stated propositions of law, it does not sustain the defendant's contention. Even if it did it could scarcely be expected to outweigh the opinion of the court. The defendant further contended in the argument that the plaintiff could not maintain his action without the joinder of the tenant in fee. We see no merit in either contention. The Act of 1895 (Chapter 224) provides that in cases like that at bar "the jury shall assess the entire amount of damages which the party aggrieved is entitled to recover by reason of the

trespass upon his property." The words "party aggrieved" clearly refer only to the plaintiff in the action. The object of the law is to prevent a multiplicity of suits by him, and not to deprive him of his lawful remedy, or to render a resort thereto both difficult and hazardous. He has suffered substantial damages to his crops and his leasehold, which are entirely severable from those of his landlord. Why should he be compelled to make everyone a party to the action who may have some vested or contingent interest in the fee when his claim is in no way adverse to them. The principle that the landlord and tenant may bring separate actions for injuries to their respective interests, has been recognized by this court at its present term. *Williams v. Canal Co.,* 130 N. C., 746; *Norris v. Canal Co.,* at this term.

As the statute requires that all damages to which the plaintiff is entitled by virtue of the alleged trespass shall be assessed in this action they must necessarily include all those accruing up to the trial. *Beach v. Railroad,* 120 N. C., 498; *Lassiter v. Railroad,* 126 N. C., 509; *Mullen v. Canal Co.,* 130 N. C., 496; *Rice v. Railroad,* 130 N. C., 375.

We do not see any substantial difference in the allowance of permanent damages between cases where the subsequent damage naturally follows the previous injury, and those cases where recurring damages would necessarily result from a continuing trespass were it not for the acquisition of an easement. In both cases we think the statute contemplates the assessment of the entire damages. In the case at bar the plaintiff testifies that "The rock that did damage in ditches along the railroad was not put there till after the suit was brought." If this were an independent injury it might not be cognizable in the present action, but it seems but one of many similar acts constituting a continuing trespass, connected with the same general work upon the roadbed of the defendant, and contributing to the same common damage.

We think, therefore, that being part of the same general transaction complained of, it comes within the purview of the statute.

The judgment of the court below is

Affirmed.