BECKER COAL AND BUILDERS SUPPLY COMPANY v. BOARD OF EDUCATION OF PENDER COUNTY AND THE FIDELITY AND DEPOSIT COMPANY OF MARYLAND.

(Filed 15 October, 1930.)

**Principal and Surety B b—In this case held: refusal of requested instruction in regard to payment of materialmen by contractor was harmless.**

In an action on a bond for the construction of a public school given as required by C. S., 2445, the surety is entitled to recover the actual loss sustained by him by reason of the failure of the county board of education to retain the required percentage from the amount actually used by the contractor to pay laborers and materialmen, *Crouse v. Stanley, ante,* 186, but where it is found as a fact by the referee and approved by the trial court that the required percentage was retained, and that the contractor had paid out more than the contract price, the refusal of special instructions requested by the surety that payment by the contractor for materials would not be presumed, is harmless.

APPEAL by Fidelity and Deposit Company of Maryland from *Cranmer, J.,* at March Term, 1930, of PENDER.

Civil action to recover for materials furnished by plaintiff and used by contractor in the construction of a public school building.

The main purpose of the suit is to hold the Fidelity and Deposit Company of Maryland liable for the claim of plaintiff, and other intervening materialmen, by reason of a $14,370 bond executed in accordance with the provisions of C. S., 2445, to the Board of Education of Pender County to save it harmless, together with materialmen and laborers, from losses due to any failure of the contractor, Walter Clark, to complete a public school building at Long Creek, N. C., and to pay for all labor done and materials furnished thereon, agreeably to the terms of a written contract between the contractor and the board of education.

Upon denial of liability and issues joined, a reference was ordered and the matters heard by Norman C. Shepard, Esq., who found the facts and reported the same, together with his conclusions of law, to the court.

The referee's findings were in favor of the plaintiff, the interveners, and partly in favor of the defendant, board of education.

A number of exceptions were filed to the report of the referee; and on issue based on facts pointed out in exceptions filed by the Fidelity and Deposit Company of Maryland and raised by the pleadings, there was a jury trial in the Superior Court which resulted adversely to the position taken by appellant.

From a judgment modifying and affirming the report of the referee on exceptions duly filed, the same being undisturbed by the verdict of the jury, the Fidelity and Deposit Company of Maryland appeals, assigning errors.

*No counsel appearing for plaintiff.*
*McCullen & McCullen for defendant Board of Education.*
*Isaac C. Wright for defendant Fidelity and Deposit Company.*
*Bryan & Campbell for intervener, Murchison National Bank.*
*Dickinson & Freeman for intervener, Blue Ridge Lumber Company.*

PER CURIAM. Viewing the record in its entirety, we have discovered no exceptive assignment of error which we apprehend should be held to work a reversal of the judgment. The conclusion reached is in line with *Crouse v. Stanley, ante,* 186, and other pertinent decisions.

It is complained that on the trial before the jury the court declined to instruct the jury, as requested by appellant, in response to argument of counsel for plaintiff and interveners, that payment by the contractor for materials delivered would not be presumed in the absence of evidence on the subject. *Non constat,* so far as the present record is concerned, the refusal would seem to be harmless in view of the following finding of fact, made by the referee and approved by the judge:

"22. There is no evidence from which the referee can find that the defendant board of education paid to Walter Clark, contractor, at any

time, more than 85 per cent of that which the contractor had paid for labor performed and material delivered, the undisputed evidence being that the contractor actually paid out for labor and material more than the total amount of the contract."

On the whole it would seem that appellant has fared reasonably well in the court below.

No error.