IRA S. NICHOLS v. WACHOVIA BANK & TRUST COMPANY.

(Filed 23 November, 1949.)

**1. Appeal and Error § 38—**

The burden is upon appellant not only to show error, but also that the alleged error was prejudicial.

**2. Appeal and Error § 39b—**

Where, in an action against a safe deposit company for alleged negligence resulting in the loss of specified personalty from the safe deposit box, the jury finds under instructions not excepted to that plaintiff did not have the property in the safe deposit box at the time in question, any errors in instructions in regard to the duty of a safe deposit company to a customer, are harmless.

DEVIN, J., took no part in the consideration or decision of this case.

APPEAL by plaintiff from *Harris, J.,* and a jury, at the May Term, 1949, of WAKE.

The parties agree that during 1948 the plaintiff rented a safe-deposit box from the defendant, which operates a bank at Raleigh, North Carolina.

The plaintiff sued the defendant upon a complaint alleging that on or about 5 January, 1948, the contents of such safe-deposit box, to wit, $3,500.00 in money, were lost as the result of the negligence or wrongful acts of the employees in charge of defendant's safe-deposit department. The answer denied that the plaintiff had left any money in the safe-deposit box, and pleaded other defenses.

Both parties presented evidence at the trial in support of their respective pleadings, and the court submitted the controversy between them to the jury upon issues tendered by the plaintiff. The jury found on one of the issues that the plaintiff did not have the money in the safe-deposit box at the time named in the pleadings, and refrained from answering the other controversial issues. The court entered judgment on this verdict exonerating the defendant from liability to the plaintiff, and the plaintiff appealed.

*J. L. Emanuel for plaintiff, appellant.*

*Smith, Leach & Anderson, James K. Dorsett, Jr., A. J. Fletcher, and F. T. Dupree, Jr., for defendant, appellee.*

ERVIN, J. If an appellant would be successful in this Court in his quest for relief against a judgment of the Superior Court, he must show either by the record proper or by the case on appeal these two things: (1) That the trial court committed an error; and (2) that such error was harmful to him. *S. v. Gibson,* 229 N.C. 497, 50 S.E. 2d 520. This is true because this Court disregards errors which do not prejudice substantial rights of litigants.

The plaintiff asserts that the trial court erred in its charge by failing to instruct the jury with the accuracy and completeness required by G.S. 1-180 as to the duty which a safe-deposit company owes to a customer with respect to property left in a safe-deposit box, and as to the liability of a safe-deposit company to a customer for acts of agents resulting in the loss of the contents of a safe-deposit box. For the purpose of this particular decision, it is assumed that the charge is justly subject to this criticism.

The plaintiff does not complain, however, in respect to the instructions of the court on the issue as to whether the plaintiff actually had money in the safe-deposit box at the time named in the pleadings. In consequence, the finding of the jury on this issue is binding on this appeal, and establishes these two ultimate facts: (1) That the money mentioned in the complaint was not left in the safe-deposit box by plaintiff; and (2)

that the plaintiff did not suffer the loss of the contents of the safe-deposit box as a result of the acts of the employees in charge of the defendant's safe-deposit department.

This being true, the plaintiff sustained no injury on account of the failure of the trial court to give the jury proper instructions as to what the duty and liability of the defendant would have been if these non-existent matters had been actualities. Hence, the appeal is unavailing for the reason that a failure to give proper instructions to the jury is necessarily harmless, when the verdict shows that there is no resulting injury. *Supply Co. v. Board of Education,* 199 N.C. 575, 155 S.E. 252; *Bryant v. Stone,* 178 N.C. 291, 100 S.E. 578; *Bond v. R. R.,* 175 N.C. 606, 96 S.E. 22; *Lloyd v. R. R.,* 166 N.C. 24, 81 S.E. 1003; *Dale v. R. R.,* 132 N.C. 705, 44 S.E. 399.

For these reasons, there is in a legal sense

No error.

DEVIN, J., took no part in the consideration or decision of this case.