After the opinion was filed, it was discovered that there was a mistake in the certification of the judgment and that in the judgment actually signed in this cause by Judge Frizzelle it was adjudged that the Trustees of the Jamesville Christian Church owned the *locus in quo* in fee and had the right to convey the same in fee simple and that the defendant was therefore required to accept the deed tendered to him and pay the consideration therein expressed.

The correct judgment of the lower court has been substituted for the erroneous one, so that the record now speaks the truth. This does not, however, affect the opinion of the Court as originally written, but upon the record as it now stands, the opinion of this Court affirmed the court below rather than reversed it.

It is ordered that this supplemental opinion be appended to the original and published as a part of the original opinion of the Court.

---

IN THE MATTER OF MRS. E. R. GROVES.

(Filed 11 June, 1952.)

APPEAL by the respondent, the Board of Adjustment of Chapel Hill, from *Williams, J.,* at the October Term, 1951, of ORANGE.

Proceeding in the nature of *certiorari* to review refusal of permit to repair a building in a residential zone in Chapel Hill.

The applicant, Mrs. E. R. Groves, applied to the building inspector for a permit to repair a building in a residential zone in Chapel Hill. The permit was refused by him as not authorized by the zoning ordinance of the municipality, and the applicant appealed to the Board of Adjustment of Chapel Hill, which affirmed the decision of the building inspector. The Superior Court reviewed the decision of the Board of Adjustment by this proceeding in the nature of *certiorari,* and rendered a judgment reversing that decision and ordering the issuance of the permit sought by the applicant. The Board of Adjustment thereupon appealed to the Supreme Court, assigning the conclusions of law and the judgment of the Superior Court as error.

*Emery B. Denny, Jr., and John T. Manning for the applicant, appellee.*

*J. Q. LeGrand for the respondent, appellant.*

PER CURIAM. The appellant has failed to show that the Superior Court committed error in reviewing the decision of the Board of Adjust-

ment. *Nichols v. Trust Co.*, 231 N.C. 158, 56 S.E. 2d 429. Hence, the judgment is

Affirmed.

## MEMORANDUM ORDER.

In the Matter of WAYLAND WHITE, JR.
(State *v.* Wayland White, Jr.)

(Filed 11 June, 1952.)

**Habeas Corpus § 4: Courts § 5—**

A Superior Court Judge has no jurisdiction to act upon a petition based upon the same facts upon which another Superior Court Judge has previously denied a motion for writ of *habeas corpus.*

Petition for *certiorari* by Wayland White, Jr., to review writs of *habeas corpus* denied by *Williams, J.,* in Chowan County Superior Court, April Term, 1952, and *Carr, J.,* in Wake County Superior Court, April Term, 1952.

Per Curiam. A Superior Court Judge has no jurisdiction to act upon a petition based upon the same facts upon which another Superior Court Judge has previously denied a motion for writ of *habeas corpus.*

Petition denied.