Hash, C, J.
 

 The bill is filed to procure a construction of the 7th section of John M. Coila’s will. The will contains
 
 *217
 
 seven items. The first five are of the same character as to the interest devised. The sixth is a pecuniary legacy, and the seventh disposes of the residue of the testator’s estate. It is as follows : “ The rest and residue that I may die possessed of, I wish to he equally divided between the children of my brother Jahleel Smith Coila, and my sister Nancy Amanda Adams.” The difficulty is to ascertain who are the persons entitled to this residue. As to the children of Jahleel Smith Coila there is no doubt as to their right, and the only question for our decision is, is Mrs. Nancy Amanda Adams entitled to any interest in it? or are her children entitled to it? The leading rule in the construction of wills, is to ascertain the intention of the testator, which must govern, if not contrary to law; and to find this intention, the whole will must be examined, and it becomes often necessary to do so. If this rule be observed in this case, the intent of the testator is made plain. He had a brother, Jahleel Coila, and Mrs. Adams, his sister, to whom he devises land in the five first clauses of the will, and in each case gives to them but a life estate, the remainder being devised to their children. From some cause he does not give 'any of his real estate in fee to either his brother or his sister, and their children appear to be the great objects of his bounty. In the first and second clauses of the will, "William Adams, the son of Nancy A. Adams, is the devisee in remainder ; in the 3d and 4th all the lawful children of Mrs. Nancy A. Adams are the devisees in remainder. In the 5th clause a similar disposition is made of the remainder of the land devised to the brother. Throughout these dispositions of the land property, devised to his brother and sister, it is obvious from some cause or other, it was not the intention of the testator to put it in their power to defeat his intentions as to their children. In the 7th clause, the one we are considering, the testator leaves no. doubt as to the children of his brother; the brother is to have nothing of the residue ; and though not equally clear as to Mrs. Adams, it is sufficiently so to show the intention that his sister should take nothing, but her children should take. Why there should be a difference in this
 
 *218
 
 clause, while in every other there is a jrerfect equality in the nature of the interest devised to each of them, is not obvious. The plaintiff and his wife take nothing* of the residue, but it is to be divided equally
 
 per capita
 
 between the children of the brother, J. S. Coila, and those of the sister, Mrs, Haney Amanda Adams.
 

 Pee Curiam, Decree accordingly.