FRANCIS T. MULLANEY & others *vs.* MARY F. MONAHAN, BRIDGET TOBIN & another, intervening petitioners. .

Suffolk.     March 6, 1918. — May 24, 1918.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Devise and Legacy,* Identity of residuary legatee.

Where the will of a testator, whose only sister of the whole blood had died before him and who left surviving him four brothers of the whole blood and six brothers and two sisters of the half blood, provided that his residuary estate, after the death of his wife, should be given "in equal shares to my several brothers and my sister, to the exclusion of my brother Patrick Mullaney, [a brother of the whole blood,] and to the children of any of said brothers or sister who may have deceased, by right of representation, to the exclusion of said Patrick as heir of my said estate from or through any of my other brethren or sister or their children," and where it does not appear whether the sister of the whole blood died before or after the will was made, the testator's use of the word "sister" shows his intention to confine his gift to his kindred of the whole blood.

BILL IN EQUITY, filed in the Superior Court on June 5, 1917, by three children of a brother of the half blood of Thomas Mullaney, late of Boston, testate, seeking an accounting as to rents from real estate formerly owned by the testator and a construction of his will for the purpose of determining who were entitled to such rents.

By decrees upon sundry petitions, two children and a widow of a brother of the whole blood, two grandchildren of the testator's only sister of the whole blood, and a sister of the half blood were admitted as parties plaintiff.

The children and widow of the brother of the whole blood then moved that the kindred of the half blood be stricken out as parties plaintiff; and a second sister of the half blood petitioned for admission as a party plaintiff.

The case was heard upon these interlocutory matters by *Wait, J.*

The report states, "Whether or not she [Mary Healey, the testator's only sister of the whole blood] was living at the time the will was made does not appear." Other material facts are stated in the opinion. By order of the judge, an interlocutory decree was entered in substance permitting half brothers of the testate and their issue to remain as parties plaintiff and excluding as such both half sisters. The judge reported the case for determination by this court.

The case was submitted on briefs.

*J. F. Ryan & C. M. O'Leary,* for the plaintiffs.

*F. Nesmith, J. S. Stone & A. G. Grant,* for the intervening petitioners.

*F. G. Cook,* for the children of Edward Mullaney.

BRALEY, J. The testator by the fifth clause of his will after creating an estate for life in favor of his wife, devised the remainder as follows, "and at her death I give the same in equal shares to my several brothers and my sister, to the exclusion of my brother Patrick Mullaney, and to the children of any of said brothers or sister who may have deceased, by right of representation, to the exclusion of said Patrick as heir of my said estate from or through any of my other brethren or sister or their children; to have and to hold the same after the death of my Wife in fee simple as aforesaid." There were living at his death four brothers and the children of one sister who had deceased, kindred of the whole blood, and six brothers and two sisters, kindred of the half blood, all of whom under the statutes then in force would have participated in the distribution of his estate if he had died intestate. Gen. Sts. c. 91, §§ 1, 5; c. 95, § 16. St. 1876, c. 220.

The question raised by the parties, is, whether the brothers and sisters of the half blood are entitled to share in the property.

It was long ago said in *Hayden* v. *Stoughton,* 5 Pick. 528, 536, that the first object in the construction of wills is to effect the intention of the testator unless by so doing some rule of law is violated, and an "heir at law is not to be disinherited unless such appears clearly to be the intention of the devisor." If however the testator has clearly expressed such purpose, or it appears by unavoidable implication, his intention must control.

While it is to be presumed the testator knew the law and made his will in view of existing statutes, *Dana* v. *Dana,* 185 Mass. 156,

158, his use of the word "sister," read in connection with the words "to the children of any of said brothers or sister who may have deceased," which cannot be enlarged, plainly refers to his sister of the whole blood, as sisters of the half blood are not included. *Metcalf* v. *Framingham Parish,* 128 Mass. 370. *Child* v. *Child,* 185 Mass. 376. But, if the testator's intention to disinherit his half sisters must be given full effect, the phraseology relating to his "brothers" or "brethren" is apt and sufficient to embrace all the testator's brothers of every degree. If this construction is adopted the children of the sister and the brothers with the exception of Patrick would share equally as legatees and devisees. The difficulty however in adopting this construction is, that no satisfactory reason can be found even when the will is read in the light of such extrinsic facts as the record discloses, why the testator if he had in mind equality of distribution should have limited his bounty to one sister, and at the same time purposed to include his half brothers.

While the question is not free from difficulty, we are of opinion that only those of the whole blood are to take the estate. By this construction an arbitrary discrimination between children of the half blood when considered as a class is avoided, and the testator's selection of his sister is given full effect as a revelation of his purpose as to her brothers, and that when he made the will he had in mind only the family of which not only herself but her brothers as well as himself were of the same degree of kinship.

It follows that so much of the decree as denied the motion to strike out as parties plaintiff Francis T. Mullaney, Joseph F. Mullaney and Mary J. Mullaney, children of Joseph Mullaney, a deceased half brother of the testator, must be reversed, but in all other respects it is affirmed.

*Ordered accordingly.*