FRANK C. BISHOP, executor, *vs.* GENEVA F. RUSSELL & others.

Middlesex. December 7, 1921. — March 3, 1922.

Present: RUGG, C. J., BRALEY, DE COURCY, & JENNEY, JJ.

*Devise and Legacy. Words, "Cousins."*

A bequest to "cousins," in the absence of any testamentary language limiting the meaning of the testator, is a bequest only to first cousins, the child or children of an uncle or an aunt.

BILL IN EQUITY, filed in the Supreme Judicial Court for the county of Middlesex on September 10, 1920, and afterwards amended, by the executor of the will of Lucie M. Child, late of Natick, for instructions.

The defendants were a grandnephew and two grandnieces of the testatrix, sixteen first cousins and twenty-nine second cousins.

The suit was heard by *Carroll,* J., a commissioner having been appointed under Equity Rule 35 to take the evidence. Material

facts are described in the opinion. By order of the single justice, a final decree was entered directing distribution among the grand-nephew, grandnieces and first cousins of the testatrix, to the exclusion of the second cousins. The second cousins appealed.

*W. R. Bigelow,* for the executor, stated the case.

*G. F. Williams,* for the second cousins of the testatrix.

*F. M. Forbush,* for the first cousins of the testatrix.

BRALEY, J. The testatrix after certain specific bequests disposed of the residue of her estate by the seventh clause, the material part of which on the present record reads as follows, "All that remains I give in equal shares to my cousins, nephews and nieces, living at my death." It appears that she left no nephews and nieces, but only grandnephews and grandnieces, which the parties agreed were included in the terms "nephews and nieces." The testatrix however had sixteen first cousins and many second cousins, and the question is, whether the defendants who come within the last class are entitled to participate in the distribution. The bequest is "in equal shares to my cousins, nephews and nieces, living at my death." If she had said my "first and second cousins," the degree of consanguinity of the defendants would have been material. *Corporation of Bridgnorth* v. *Collins,* 15 Sim. 538, 541. But the bequest to "cousins" in the absence of any testamentary language limiting her meaning, includes only first cousins; the child or children of an uncle or aunt. *Stoddart* v. *Nelson,* 6 De G., M. & G. 68, 73. *Caldecott* v. *Harrison,* 9 Sim. 457, 461. *Sanderson* v. *Bayley,* 4 Myl. & Cr. 56. *Stevenson* v. *Abingdon,* 31 Beav. 305. *Walker* v. *Chambers,* 85 N. J. Eq. 376, 377. We are therefore of opinion, that the word "cousins" was used by the testatrix in the ordinary lexical and legal meaning, and that the decree ordering distribution among the grandnephews and grandnieces, and the first cousins to the exclusion of the second cousins, should be affirmed with costs to be taxed upon the fund as between solicitor and client. *Dana* v. *Dana,* 185 Mass. 156. *Mullaney* v. *Monahan,* 230 Mass. 245; *S. C.* 232 Mass. 279.

*Ordered accordingly.*