In the Matter of the Estate of MARGARET BLUM, Deceased.

Surrogate's Court, New York County, March 12, 1930.

*Bauerdorf & Taylor*, for the petitioner.

*John T. Sackeit*, for Albert Rohe, as executor, etc.

*Frederick E. Klein*, special guardian.

*Paul A. Zizelman* [*Chester Mayer* of counsel], for Philipp Heckelsberger and others.

*Schnitzler, Thorn & Dayton*, for Philipp Arnold and others.

*William H. Wack*, for claimants Philipp Beinroth and others.

*Douglas, Armitage & McCann*, for Mamie L. Oliger.

O'BRIEN, S. A question has been raised in this accounting proceeding as to the distribution of the residuary estate. The provision in the will with respect thereto reads as follows:

" *Eleventh.* All the rest, residue and remainder of my property, both real and personal, of which I may die possessed, I give, devise and bequeath unto my cousins me surviving, share and share alike."

The testatrix left her surviving eleven first cousins and fifty first cousins, once and twice removed. The question is, did she intend, in using the word " cousins," to limit the gift of the residuary estate to first cousins, or did she intend to include first cousins once and twice removed.

The testatrix bequeathed $5,000 to her husband, $2,000 to a brother-in-law, five legacies varying from $2,000 to $500 to first cousins and $500 to children of an aunt. She then provided in paragraph 10, just preceding the residuary paragraph, as follows:

" I order and direct that these legacies be paid respectively as they are herein bequeathed, each having the preference in the order in which they are hereinbefore bequeathed."

I hold that the testatrix intended that her residuary estate should be equally distributed among her first cousins her surviving, for the following reasons: (1) The natural every day meaning of the term " cousins " is children of an aunt or uncle of deceased (1 Schouler Wills [5th ed.], §§ 536, 537, p. 679); (2) there is nothing in the will from which it may be concluded that the testatrix intended to include cousins once or twice removed within the term " cousins." On the contrary, there are several clear indications that she intended only those who were cousins within the strict meaning of that term; (a) with the exception of the husband and the brother-in-law all of the legatees named in the will are actually first cousins; (b) the especial interest shown in the husband, brother-in-law and first cousins by the provision that the legacies be paid in the order named, showing the apprehension by the testatrix that her estate might not be large enough to pay all the legacies in full; (c) the improbability of an intention to distribute what was to her prospectively a small residue, if there was to be any residue at all, among fifty various cousins of less than first degree.

A similar disposition was made by me in the construction of the will in *Matter of Hering* (N. Y. L. J. Aug. 14, 1925)* where testator gave a certain sum of money to be divided between " my female cousins living at the time of my death, share and share alike."

The decree should direct distribution of the residuary estate among first cousins only.

The claims filed against the estate herein have been set down for a hearing on my calendar on the 19th day of March, 1930, at two-thirty P. M.

Proceed accordingly.