CITIZENS NATIONAL BANK, ADMINISTRATOR, C. T. A. OF THE ESTATE OF ALLIE LEGG, v. GERTRUDE SHAW PHILLIPS; BLONDIE S. WALSH; DEWEY S. SHAW; C. V. SHAW; HARRY M. SHAW; ROBERT L. SHAW; SARAH BELLE OVERTON; PAULINE JESSUP; MAUDE POE; CHARLIE BARNES; HESTER BARNES BROWN; DALE ECKERT; ZENDA ELY; J. MONROE WARBURTON; LEO WARBURTON; ELMA WARBURTON McNAIR; BEVERLY ECKERT BURKS; EDNA TAYLOR; LOIS PARRISH; CECIL JONES; LEON JONES; TALMADGE JONES; GLADYS ANDREWS COUCH; JOHN ANDREWS; AND W. E. McNAIR AND C. R. McNAIR AND F. L. PICKETT, TRUSTEES OF THE FIRST PRES-BYTERIAN CHURCH OF ROCKINGHAM, NORTH CAROLINA, AND ALL OTHER UNKNOWN LEGATEES OF THE SAID ALLIE LEGG, DECEASED.

(Filed 30 April, 1952.)

**1. Wills § 31—**

Where a will is ambiguous, the courts must construe it to discover and effectuate testatrix' intention as gathered from the language of the instrument.

**2. Wills § 38—**

A clause disposing of the remainder of the estate after debts are paid and specified legacies satisfied is the residuary clause, notwithstanding that it is not at the end of the other dispositive clauses.

**3. Wills § 31—**

The words of a will are to be interpreted according to their ordinary meaning, unless it clearly appears that they were used in some other sense.

**4. Wills § 34b—**

A residuary devise to testatrix' "first cousins" includes only those who are testatrix' first cousins in the common sense, and excludes first cousins once removed, even though they be children of deceased first cousins.

**5. Same: Wills § 34e—**

A residuary devise "Then Edna Taylor is to come in for her equal part of my estate. The rest going to my first cousins . . ." *is held* to bequeath one-half the residuary estate to the beneficiary named and the other one-half of the residuary estate to be equally divided among testatrix' first cousins.

APPEAL by defendants Gertrude Shaw Phillips, Blondie S. Walsh, Dewey S. Shaw, C. V. Shaw, Harry M. Shaw, Robert L. Shaw, Maude

Poe, Charlie Barnes, Hester Barnes Brown, J. Monroe Warburton, Leo Warburton, Elma Warburton McNair, Edna Taylor, Cecil Jones, Leon Jones, Talmadge Jones, Gladys Andrews Couch and John Andrews from *Sink, J.,* at October Term, 1951, of CABARRUS.

Civil action for a declaratory judgment construing a will.  G.S. 1-254.

These are the essential facts:

1. Allie Legg, an unmarried woman residing in Cabarrus County, North Carolina, died testate 25 August, 1950.  Her will is as follows: "In case of my death I wish the contents of my home to go to Edna Taylor all the money in my deposit box also to go to her some of hers is in there also marked on envelope the sum of $500.00 of my estate is to go to Lois Parish.  My car to Mrs. L. L. McNair also my fur neck piece. The sum of 3000.00 is to go to Beverly Eckert of Coltne Oregon.  Then Edna Taylor is to come in for her equal part of my estate.  The rest going to my first cousins after all debts are paid.  I also wish $500.00 to go to the Presbyterian Church of Rockingham. . . . My sterling silver goes to Beverly Eckert."

2. The defendants Gertrude Shaw Phillips, Blondie S. Walsh, Dewey S. Shaw, C. V. Shaw, Harry M. Shaw, Robert L. Shaw, Sarah Belle Overton, Pauline Jessup, Maude Poe, Charlie Barnes, Hester Barnes Brown, Dale Eckert, Zenda Ely, J. Monroe Warburton, Leo Warburton, and Elma Warburton McNair are the only first cousins of the testatrix. All of them were living at the time of the execution of the will.  Elma Warburton McNair is called "Mrs. L. L. McNair," in that instrument.

3. The defendants Cecil Jones, Leon Jones, and Talmadge Jones are the only children of Lena B. Jones, and the defendants Gladys Andrews Couch and John Andrews are the only children of Ennie Barnes Andrews. Lena B. Jones and Ennie B. Andrews were first cousins of the testatrix, who died before the execution of the will.

4. The sixteen defendants named in paragraph 2 and the five defendants mentioned in paragraph 3 would constitute the next of kin of the testatrix under the statute of distribution had she died intestate.  Beverly Eckert Burks, who is designated as Beverly Eckert in the will, is the daughter of Dale Eckert.  Neither Edna Taylor nor Lois Parrish were related to the testatrix by blood or marriage.  But they were employed by her during the twenty years next preceding her death.  The testatrix visited at times in the homes of the children of Lena B. Jones and Ennie B. Andrews, and entertained a high regard for them as well as for her sixteen living first cousins.

5. The plaintiff, Citizens National Bank, as administrator with the will annexed of the estate of the testatrix, has substantial personal property in its custody for disposition in accordance with the terms of the will.

6. An actual controversy arose among the defendants respecting the proper disposition of the personal property of the testatrix. As a consequence, the plaintiff brought this action against all possible claimants, praying a decree construing the will and determining the rights of the parties under it.

7. When the cause came on to be heard, the parties waived trial by jury. Judge Sink, who presided, thereupon heard the evidence, found facts conforming to those herein stated, made conclusions of law thereon, and entered a judgment construing all the clauses of the will, and declaring the rights of the parties in the personal property passing thereunder. No good purpose will be served by analyzing the judgment in its entirety. All parties admit the correctness of all its provisions except those relating to this clause: "Then Edna Taylor is to come in for her equal part of my estate. The rest going to my first cousins after all debts are paid."

8. Judge Sink concluded and adjudged that the language quoted in the preceding paragraph constituted the residuary clause of the will; that the only residuary legatees were Edna Taylor and the sixteen first cousins of the testatrix designated in paragraph 2 of this statement of facts; and that such residuary legatees were entitled to share the residue of the personal estate in equal proportions, each of them taking one-seventeenth thereof.

9. The twelve living first cousins of the testatrix represented by Messrs. Steele and Carroll excepted and appealed on the ground that the provision of the residuary clause relating to Edna Taylor is "too vague . . . to be given any effect, and that only those persons within the . . . class of first cousins should be permitted to participate as residuary legatees." Edna Taylor excepted and appealed on the ground "that the testatrix intended that she receive one-half of the residuary." The children of the two deceased first cousins of the testatrix excepted and appealed on the ground that the testatrix used the words "first cousins" in the residuary clause to denote those who would have been her next of kin under the statute of distribution had she died intestate, and that in consequence the judge erred in wholly excluding them from any share in the residue.

*E. Johnston Irvin* for plaintiff, appellee.

*George S. Steele* and *Harvey C. Carroll* for defendants Gertrude Shaw Phillips, Blondie S. Walsh, Dewey S. Shaw, C. V. Shaw, Harry M. Shaw, Robert L. Shaw, Maude Poe, Charlie Barnes, Hester Barnes Brown, J. Monroe Warburton, Leo Warburton, and Elma Warburton McNair, appellants.

*Pollock & Fullenwider* for defendants Sarah Belle Overton and Pauline Jessup, appellees.

*Hartsell & Hartsell* for defendants *Beverly Eckert Burks* and *Dale Eckert,* appellees.

*John Hugh Williams* for defendant *Edna Taylor,* appellant.

*E. C. Brooks, Jr.,* for defendants *Cecil Jones, Leon Jones, Talmadge Jones, Gladys Andrews Couch,* and *John Andrews,* appellants.

ERVIN, J.   While the testatrix was among the living, she was highly proficient in the millinery art, but sadly deficient in legal draftsmanship. Despite her inadequacy in the last field of endeavor, she chose to write her last will in words of her own selection without regard for legal precedents.   As an inevitable consequence, she produced a testamentary document which illustrates anew the accuracy of the epigram of Sir William Jones that "no will has a brother."   57 Am. Jur., Wills, section 1123. This action calls on the court to ascertain and carry into effect the intention of the testatrix as to the disposition of her property.   In the very nature of things, the court must seek and discover such intention in the awkward phrases which the hand of the testatrix put on the paper probated as her last will.   *Elmore v. Austin,* 232 N.C. 13, 59 S.E. 2d 205.

This judicial task has been made less burdensome by the frank admission of the appellants that all of the provisions of the judgment are correct except those interpreting this language of the testatrix: "Then Edna Taylor is to come in for her equal part of my estate.   The rest going to my first cousins after all debts are paid."

This portion of the will constitutes a residuary clause.   It disposes of all of the estate of the testatrix that is left after debts are paid and specified gifts are satisfied.   *Shannon v. Reed,* 355 Pa. 628, 50 A. 2d 278.   It declares that the residue of the estate is to go to particular persons, namely, Edna Taylor, who is identified, and the first cousins of the testatrix, who are capable of being identified.   *Adams v. Adams,* 55 N.C. 215.

The words of a will are to be interpreted according to their ordinary meaning, unless it clearly appears that they were used in some other sense.   *Williams v. McPherson,* 216 N.C. 565, 5 S.E. 2d 830; *Williams v. Best,* 195 N.C. 324, 142 S.E. 2; *Goode v. Hearne,* 180 N.C. 475, 105 S.E. 5.

A first cousin is the son or daughter of one's uncle or aunt.   *Culver v. Union & New Haven Trust Co.,* 120 Conn. 97, 179 A. 487, 99 A.L.R. 663; *Weaver v. Liberty Trust Co.,* 170 Md. 212, 183 A. 544; *Walker v. Chambers,* 85 N. J. Eq. 376, 96 A. 359; *In re Blum's Estate,* 136 Mis. 441, 243 N.Y.S. 222.   The child of one's first cousin is sometimes popularly called his second cousin, but is more properly his first cousin once removed. *Culver v. Union & New Haven Trust Co., supra; State v. Thomas,* 351 Mo. 804, 174 S.W. 2d 337; *Simonton v. Edmunds,* 202 S.C. 397, 25 S.E. 2d 284.

Inasmuch as there is nothing to indicate that the words were used in the will under scrutiny in a different sense, the provision giving a part of the residuary estate to the "first cousins" of the testatrix must be construed to include only those who are her first cousins in ordinary language, namely, the children of her uncles or aunts. *Bishop v. Russell,* 241 Mass. 29, 134 N.E. 233, 19 A.L.R. 1408. This conclusion is rightly incorporated in the judgment which declares that the sixteen first cousins of the testatrix named in paragraph 2 of the statement of facts take such part of the residuary estate to the exclusion of her five first cousins once removed designated in paragraph 3 of such statement.

This brings us to the final question whether the language of the will is clear enough to disclose the intention of the testatrix in regard to the distribution of the residue of her estate among the residuary legatees, *i.e.,* Edna Taylor and the sixteen first cousins of the testatrix.

The will provides, in substance, that Edna Taylor is to receive "her equal part" of the residuary estate, and the sixteen first cousins of the testatrix are to receive "the rest" of the residuary estate. The word "part" signifies one of the portions into which anything is divided, or regarded as divided, whether actually separate or not. *Commonwealth v. Dobson,* 176 Va. 281, 11 S.E. 2d 120. When the testatrix bequeathed her residuary estate, she regarded it as divided into these two portions: (1) the "part," which she gave to Edna Taylor; and (2) "the rest," which she allotted to her sixteen first cousins. Moreover, her words imply that the portion willed to Edna Taylor, *i.e.,* "her equal part," is to be equal in value with the portion, *i.e.,* "the rest," assigned to the sixteen first cousins.

These things being true, the language of the will discloses the intention of the testatrix that Edna Taylor is to receive one-half of the residuary estate, and that the other half of the residuary estate is to be divided equally among the sixteen first cousins of the testatrix. The judgment of the Superior Court is hereby modified to conform to this conclusion. As thus modified, it is affirmed.

Modified and affirmed.