CHARLES L. FERGUSON
*vs.*
ERNEST H. JOHNSON, STATE TAX ASSESSOR

Oxford.   Opinion, January 3, 1963.

*Fred E. Hanscom,* for the Plaintiff.

*Ralph W. Farris, Asst. Atty. Gen.,* for the Defendant.

SITTING: WILLIAMSON, C. J., WEBBER, TAPLEY, SULLIVAN, SIDDALL, JJ. DUBORD, J., present at argument, but retired before rendition of decision.

WILLIAMSON, C. J.   The application by the executor of the will of John Zowe for abatement of inheritance taxes is reported by the Probate Court on an agreed statement. R. S., c. 155, § 33.   The sole issue is whether "cousin" under the statute is limited to first cousin, as the state tax assessor contends, or includes first cousins once or twice removed, as the executor asserts.   The statute reads in part:

> "**Sec. 4.   Tax on Class B.**—Property which shall so pass to or for the use of the following persons who shall be designated as Class B, to wit: brother, half-brother, sister, half-sister, uncle, aunt, nephew, niece, grandnephew, grandniece or cousin of a decedent. . ."   R. S., c. 155, § 4.

Class B with "cousins" was first created in 1909. R. S., 1903, c. 8, § 69, as amended by Laws 1909, c. 186.

The state tax assessor correctly applied the statute. The usual and popular meaning of "cousin" is "first cousin," that is to say, a child of an uncle or aunt.

In the construction of wills "cousins" in the absence of testamentary qualifications express or implied includes only first cousins. *Bishop* v. *Russell,* 241 Mass. 29, 134 N. E. 233, 19 A. L. R. 1408; *Culver* v. *Union & N. H. Trust Co.,* 120 Conn. 97, 179 A. 487, 99 A. L. R. 663; 57 Am. Jur., *Cousins* § 1389; 21 C. J. S., *Cousin* p. 862; 10 Words & Phrases p. 279; 3 Page on Wills, *Cousin* § 1033; 4 Bowe-Parker: Page on Wills *Cousin* § 34.28. There is no reason to believe that the Legislature sought to extend the meaning of "cousin" beyond its usual meaning. It could readily have included more distant cousins had it so desired.

The entry will be

*Abatement denied.*

*Judgment for defendant with costs.*