Dantel, Judge,
 

 after stating the case as above, proceeded as follows: Where there is in the will a genera] direction to lands, but it is not stated by whom the sale is to be made, there, if the produce of the sale is to be applied by the exec-utoi’s *n execution of their office, a power to sell will be to executors.
 
 Tylden vs. Hyde, 2
 
 Sim. & Stu. 288. The principle that a direction that lands shall be sold, generally, (without saying by whom) for a purpose which
 
 *211
 
 brings the fnnawithii the province of the executors, as to pay debts or legacies, or both, confers on them a power of sale by implication, is established by several cases. Inchly vs. Robinson, 2 Leon. 145-Carvill vs. Carvill, 2 Chan. Rep. 301-Lockton vs. Lockton, 1 Cha. Cas. 179-Blatch vs. Wilder, 1 Atk. Rep. 420-1 Powell on Devises 244 (Jarman's Edition. note 4.) If the testator had simply directed the distribution, among certain objects, of an un~ mixed fund arising from the sale of land only, then the hei] alone could sell. Bentham vs. Wiltshire, 4 Madd. Rep 44. But in the case before us, the fund is not ouiy one that is mixed of real and personal estate, but is one for the pay-meut of the testator's debts; and the surplus thereafter only to be distributed among certain objects. Tylden vs. Hyde, was a case where a mixed fund of real and persotial estate was directed to be sold and converted into money, and the same to be distributed among certain objects: The Vice Ohancellor nevertheless said "here the produce of the sale is to be confounded with the personal property, which mus necessarily be divided by the executors; and a power to sel is therefore implied to the executors." That the "property~ which the testator directed to be applied to pay his debts, in eluded his undisposed of lauds, is evidently to be collected from what he has said in the other parts of his will. The word "property" is also equivalent to estate, in its operation to pass the interest in the land, as ~ve1I as the land itself and land will pass in a will by either of the said words. Roe dem. Shell vs. Pattison, 16 East 221-Nicholls vs. Butcher, 18 Ves. 194-Patton vs. Randall, 1 Jac. & Wal. 189-2 Powell on Dev. 419, (Jarman's edition.) The testatori does not, in so many words, direct a sale of the balaii~e of his property; but he says it shall be applied to pay his debts. It canuot be appTied in that manner without a sale; asale is therefore ordered by the testator hImself; and the executors had an implied power to convey. The deed executed by the executors conveyed what title the testator had in the Jand, to the present plaintiffs. We are, therefore, of the opin-. ion, that the interlocutory decree in the Superior Court was
 
 *212
 
 correct. This opinion is to be certified to the Court below, and the plaintiffs must pay the costs of the appeal.
 

 
 *211
 
 If a tesistor ~`~~l)1Y directs the ~hstpibu_ los, srnon~ cer sin objects. of an Uiii~~ixc,l fusd crising from the sa'c ot land only, ttten the heir alone can sell.
 

 The word "property" is equ va-lent to "estate" in its operation tn pass the interest in land as wet as ~lie land itseif and land will pass irs a will by either of these words.
 

 
 *212
 
 Pjsr Curiam. Decree to be affirmed.