P. P. DULIN, EXECUTOR ET AL., v. WILLIAM DULIN ET AL.

(Filed 15 May, 1929.)

**1. Wills E i—Executor may bring action to construe will.**

An executor of a will may seek the advice of the court in the interpretation of the instrument and the disposition of the testator's estate within the intent and meaning of the language used therein.

**2. Wills D b—Issue of devisavit vel non may be joined in action for construction of will by consent of parties.**

In a suit by the executor to interpret the will of the testator wherein the issue of *devisavit vel non* has been raised, the court, with the consent of all the parties interested may treat the case as having arisen upon the issue ordinarily raised upon the caveat to the will probated in common form, and construe the instrument upon an affirmative finding upon that issue.

**3. Wills D i—Correct form of issue of devisavit vel non is sufficient and presents all issuable matters to the jury.**

The form of an issue submitted to the jury upon the caveat to a will "is the paper-writing and every part thereof offered in evidence the last will and testament of the deceased" is sufficient to present every phase of the case to the jury under proper instructions from the court, and when the writing is sought to be established as a holographic will, it is not error for the court to refuse to submit an issue with further inquiry as to its having been found among the testator's valuable papers, or other evidentiary matters arising in the inquiry under the issue submitted.

**4. Executors and Administrators A d—Word "executor" not necessary to appointment of will imposes executor's duties upon appointee.**

Where a letter written by a deceased person to his brother is proven as the holographic will of the deceased, it is not necessary that the writing specifically make use of the word "executor" if the terms employed in the letter confer the powers of executor upon the person addressed.

**5. Wills C d—It is sufficient if holographic will is found among papers regarded as valuable by testator.**

In order to establish a valid holographic will it is not necessary that the papers among which it is found after the death of the testator be the most valuable of his papers, and it is sufficient if he regarded them as papers of value, and worthy of preservation.

**6. Wills D i—Instruction that "every part" of holographic will must be in testator's handwriting includes signature—Burden of proof.**

An instruction that the caveators must prove that "every part" of the paper-writing be in the handwriting of the deceased includes the signature and is sufficient and correct.

**7. Trial E c—Hypothetical illustrations in charge not prejudicial error.**

Hypothetical illustrations explaining the law arising upon the evidence in a case will not be held for reversible error in the absence of potential prejudice to the complaining party.

**8. Wills E f—Construction of will as to beneficiaries thereunder.**

Where the obvious language of a will manifests the intent of the testator that his nieces and nephews are to take as beneficiaries thereunder, his brothers and sisters are excluded by necessary implication.

**9. Same—Construction of will as to share of beneficiaries.**

Where according to the direction of a will the estate is to be equally divided between the nieces and the two nephews of the testator after deducting a certain amount of money from the shares of the nephews, the amount named is to be deducted from the sum of both their shares, each share burdened with one-half the amount named, before equal distribution of the balance is to be made.

**10. Same—Under facts of this case direction in will for education of beneficiary includes support and maintenance.**

A direction to an executor to educate certain beneficiaries under the will includes the support and maintenance of such beneficiaries, under the facts of this case, and the degree of education to be given them is within the discretion of the executor, and the executor has the authority to deduct within his reasonable discretion a certain amount of money from the corpus of the estate for this purpose before making distribution among other beneficiaries as further directed by the will.

**11. Executors and Administrators E a—Direction that estate be equally divided gives implied power to sell estate for division.**

The power given in a will to an executor to divide the estate among the beneficiaries therein named implies the power to sell and convey both the real and personal property when necessary to effectuate the intent of the testator as gathered from the instrument.

APPEAL by Ann Maxwell and her husband, Emmett Maxwell, and Sarah Maxwell and Frances Maxwell, by their guardian *ad litem,* from *Harding, J.,* at March Term, 1929, of IREDELL. No error.

The following paper-writing purporting to be the last will and testament of C. A. Dulin was probated in common form before the clerk of Superior Court of Iredell County and duly registered in the Record of Wills:

"Bro. P. P. Dulin,                                    11 August, 1926.

If should die or get kill give Fannie Millsaps $2,000 of my estate educate sister Anns two girls and devide the rest equal except Paul Lentz and Ralph Lentz give them $5,000 less than the others or nothing at all of my nephews and neases.                     C. A. DULIN."

Thereafter P. P. Dulin duly qualified as executor of C. A. Dulin's estate. Fannie Millsaps died during the life of C. A. Dulin and her legacy lapsed. On 10 January, 1929, the plaintiffs instituted this action in the Superior Court of Iredell seeking the advice of the court as to the proper construction of the will. Pleadings were filed and certain of the defendants raised an issue of *devisavit vel non*. It was then agreed by all parties in open court that the action should be treated as a caveat to the will and as a proceeding to have the will probated in solemn form, and that if the issue should be answered for the propounders the construction of the will should be determined by the court. Evidence was introduced and the defendants tendered this issue:

Did C. A. Dulin write all of paper-writing propounded, with intent that it should be operative as his last will and testament, and was it found after his death among his valuable papers or effects?

The following verdict was returned: "Is the paper-writing and every part thereof offered in evidence as Exhibit A the last will and testament of C. A. Dulin, deceased?" Answer: "Yes."

The appellants excepted to the issue submitted and to the refusal to submit the one they tendered. After adjuding that P. P. Dulin had been duly appointed executor, the trial judge construed the will as follows:

"Upon the prayers by the executor for instructions and an interpretation of said will, it is ordered, adjudged and decreed by the court, as follows: (a) That the extent, manner and degree of education of Frances and Sarah Maxwell (admitted by all parties to be Sister Ann's two girls referred to in the will) is in the sound discretion of the executor and the executor has right to set apart an amount which he deems sufficient for that purpose and divide the rest of the estate among those entitled. (b) In view of the fact that the two girls, Sarah and Frances Maxwell are without any means of support and maintenance, which fact was known to C. A. Dulin at the time he made said will, the education of said girls includes their maintenance and support dur-

ing the period that they are being educated. (c) That the said girls, Sarah and Frances Maxwell shall share equally with the other nieces and nephews in said estate after receiving their education from said estate. (d) That the shares of Paul Lentz and Ralph Lentz (two of the nephews of C. A. Dulin) are to be charged with $2,500 each before they participate in the estate with the other nieces and nephews but the executor has no right in his discretion to exclude them entirely from participation in his estate. (e) That it is the duty of the executor under the will to sell and dispose of all the estate of C. A. Dulin, both real and personal and after the payment of all debts of the said estate and charges and expenses of the administration of said estate and after setting apart a sum which the executor deems sufficient for the education of Frances and Sarah Maxwell and their support and maintenance during the period that they are being educated, as set forth in the above sections (a) and (b), the executor shall divide the estate equally among the following nieces and nephews of C. A. Dulin, whom the court finds to be all of the nieces and nephews of C. A. Dulin, living at the time of his death, subject, however, to the charge of $2,500 each against the shares of Paul and Ralph Lentz as set forth in section (d) above: William Dulin, Lucile Dulin (children of P. P. Dulin, brother of C. A. Dulin); Frances Maxwell, Sarah Maxwell (children of Mrs. Ann Maxwell, sister of C. A. Dulin; Ralph Lentz, Fred Lentz, Ben Miller Lentz, Wilma Marjorie Lentz, Jerry Junior Lentz, Elizabeth Ellen Lentz and Paul Lentz (children of Mrs. Mary E. Lentz, sister of C. A. Dulin). (f) That under the said will P. P. Dulin, the executor, has power to sell and convey the real estate of C. A. Dulin without securing an order of court through a special proceeding instituted for that purpose.

"It is further ordered, adjudged and decreed that P. P. Dulin, Mrs. Ann Maxwell and Mrs. Mary E. Lentz, the brother and two sisters of C. A. Dulin, deceased, have no share or interest in the estate of C. A. Dulin, under the aforesaid will, but that all of said estate, both real and personal, is bequeathed and devised to the nieces and nephews of C. A. Dulin, hereinbefore named, and subject to terms hereinbefore mentioned."

Judgment was rendered for the plaintiffs and the appellants named above duly excepted and appealed upon error assigned in the record.

*Scott & Collier and E. M. Land for plaintiffs.*
*Buren Jurney for defendant appellees.*
*P. T. Stiers for defendant appellants.*

ADAMS, J. In *Harper v. Harper,* 148 N. C., 453, 458, the Court said this: "We note that this proceeding, brought to term, includes both the

issue of *devisavit vel non* and proceedings for the construction of the
will. This is certainly unusual, but all the parties are before us, and
ask that the whole matter be determined in this action. It is not a
question of jurisdiction (which we would be compelled to notice *ex
mero motu),* for the clerk is part of the Superior Court. No exception
is taken, and the whole matter, under the consent and request of
parties, is disposed of." The parties to the present suit agreed to pursue
the same course and accordingly did not except to the form of the action.
It is not denied that the executor had the right to invoke the equitable
jurisdiction of the court for direction as to the discharge of his trust.
*Freeman v. Cook,* 41 N. C., 373; *Alsbrook v. Reid,* 89 N. C., 151; *Bank
v. Alexander,* 188 N. C., 667; *Trust Co. v. Stevenson,* 196 N. C., 29.

The appellants excepted to the issue submitted and to the judge's
refusal to submit to the jury the issue which they tendered. The ex-
ception is overruled upon the familiar principle reiterated upon similar
facts in *Cornelius v. Brawley,* 109 N. C., 542: "The issue submitted
arose on the pleadings, and was such as afforded either party oppor-
tunity to present any view of the law arising upon the evidence through
the medium of pertinent instructions, and was therefore sufficient
*(Humphrey v. Church, ante,* 132; *McAdoo v. R. R.,* 105 N. C., 140;
*Denmark v. R. R.,* 107 N. C., 187, *Leach v. Linde,* 108 N. C., 547), and
indeed, follows the precedents in such cases. Eaton's Forms, 282. The
issues suggested by appellants presented rather evidential than constitu-
tive facts, and were properly rejected. *Grant v. Bell,* 87 N. C., 34;
*Patton v. R. R.,* 96 N. C., 455."

The jury were clearly instructed that the burden was upon the plain-
tiffs, who are the propounders, to satisfy the jury by the greater weight
of the evidence that the paper in question is the last will and testament
of C. A. Dulin; and this part of the charge was followed by the more
specific instruction that it was incumbent upon the plaintiffs to prove
that the purported will was found among the valuable papers of the
testator, that it was intended by him to be a will disposing of his
property, and that every part of it was in his own handwriting—the
words "every part" of the paper necessarily including the signature.
*Mayo v. Jones,* 78 N. C., 402; *Syme v. Broughton,* 85 N. C., 367; *In re
Hedgepeth,* 150 N. C., 245; *In re Ross,* 182 N. C., 477. The "affirma-
tive and direct proof" declared to be necessary in *St. John's Lodge v.
Callender,* 26 N. C., 335, may be found in the testimony of the witnesses
in the case before us, though in the case just cited *Chief Justice Ruffin*
no doubt had reference primarily to the insufficiency of hearsay evi-
dence. The appellants have no just cause of complaint against the
charge upon the burden of proof.

DULIN *v.* DULIN.

There was evidence tending to show that the contested paper was found at C. A. Dulin's home, in a trunk which was kept in his bedroom with his clothing; that the trunk was locked, the key in a bookcase; that in the trunk were deeds, plats, paid checks, personal letters, and photographs. It was testified that other papers of a different character and apparently of less value were found elsewhere in the house. The appellants contended that the asserted will was not found among the maker's valuable papers, and excepted to the instruction given on this question.

The following definition of "valuable papers" was approved in the case of *In re Jenkins,* 157 N. C., 429 : " 'Valuable papers' within the meaning of the statute are such papers as are kept and considered worthy of being taken care of by the particular person, having regard to his condition, business, and habits of preserving papers. They do not necessarily mean the most valuable papers of the decedent even, and are not confined to papers having a money value, or to deeds for land, obligations for the payment of money, or certificates of stock. The requirement is only intended as an indication on the part of the writer that it is his intention to preserve and perpetuate the paper as a disposition of his property, and that he regards it as valuable; consequently, the sufficiency of the place of deposit to meet the requirement of the statute will depend largely upon the condition and arrangements of the testator. Pritchard on Wills, sec. 237; *Winstead v. Bowman,* 68 N. C., 170; *Marr v. Marr,* 2 Head., 303; *S. c.,* 5 Sneed, 385; *Allen v. Jeter,* 6 Lea, 672; *Reagan v. Stanly,* 11 Lea, 316."

The substance of this definition was included in the charge. The imaginary cases proposed by the trial judge, to which exception was noted, were nothing more than hypothetical illustrations of this definition, containing so far as we can see no potential prejudice to the position taken by the appellants or to the defenses on which they rely.

The remaining exceptions relate to the interpretation of the will. It was first adjudged that P. P. Dulin is the duly appointed executor. The word "executor" does not appear in the will, but the testator imposed upon P. P. Dulin certain duties which are usually performed only by a person acting in a representative or fiduciary character. An appointment of this kind may be indicated by any words which confer upon a designated person the rights, powers, and duties of an executor. The intent of the testator is shown, the appointee is identified, and to him is committed the disposition of the estate. The testator's language, we think, is sufficiently definite to warrant the conclusion that he intended to appoint his brother the executor of his estate. 23 C. J., 1020, 1021; *Harper v. Harper, supra.*

It does not definitely appear whether the testator had assets to be collected and debts to be paid; but we should hesitate to say that the direction to "divide the rest equal" does not import the power to collect as well as the power to disburse. Without deciding this question we may say that the conferred power to divide the property reasonably imports the power to sell it for distribution. *Foster v. Craige,* 22 N. C., 209; *Vaughan v. Farmer,* 90 N. C., 607; *Council v. Averett,* 95 N. C., 131. The exception to the order directing the executor to sell and dispose of the testator's real and personal property must therefore be overruled.

The brother and the two sisters of the testator were properly excluded. In construing the will we must have regard to the testator's intention, but as was said in *McIver v. McKinney,* 184 N. C., 393, it is not the intention that may have existed in his mind. if at variance with the obvious meaning of the words used, but that which is expressed by the language he has employed. The testator's expressed intention was to provide for his nephews and nieces—not to give his estate in equal parts to his next of kin.

We have considered all the exceptions but are unable to concur in the appellants' interpretation of the will. We find

No error.