## In the Matter of the Estate of CAROLINE E. CONANT, Deceased.

Surrogate's Court, Oneida County, September 23, 1932.

*A. T. Wilkinson,* for estate of decedent.

*James T. Cross,* special guardian of Eugene Conant Sisson.

*Keenan, Brink & Harrison* [*Neil G. Harrison* of counsel], special guardian of Janet A. Sisson.

EVANS, S. This is an accounting by the trustee of this estate and a construction of a portion of the last will and testament of the above-named testatrix is desired. The fourteenth clause reads as follows:

" XIV. I give, devise and bequeath unto my said son, Harold T. Conant, as trustee and in trust, the sum of ten thousand ($10,000) dollars, the income thereof to be paid over for the benefit of my grandchild or grandchildren, the same being the children of my daughter, Alice P. Sisson, share and share alike until they shall become 21 years of age, when the principal of said trust fund is to be paid over to my grandchild or grandchildren; or, in case there shall be more than one grandchild, who are also the children of my said daughter, at my decease, said sum of ten thousand ($10,000) dollars is to be divided into equal parts, and the income from one equal part is to be paid over for the benefit of each one of said grandchildren, and the principal thereof to be paid to each one of said grandchildren when they become twenty-one (21) years of age. But in case my said daughter, Alice P. Sisson, shall not have any child or children living at the time of my death; then, said ten thousand ($10,000) dollars shall fall into the residuary of my estate."

Alice P. Sisson, the daughter above named, survived the testatrix. She subsequently became a widow and later married Frederick E. Barnes. She died on or about March 19, 1932, and left her surviving a son, Eugene Conant Sisson, who was born on November 25, 1913. She also left an adopted daughter named Janet Alice Sisson, who was born on November 17, 1917, and adopted by Mrs. Sisson on February 23, 1922.

The legal rights of the adopted daughter under the will of Caroline E. Conant are now sought to be determined. It is the contention of her special guardian that by virtue of adoption she acquired the same legal status as a natural born child of Alice P. Sisson. It is thus apparent that this claim, if true, will diminish by one-half the interest of Eugene Conant Sisson, also a minor.

The word " child " is defined as " The immediate progeny of human parents." (Webster Dict.)

The law provides a procedure whereby a child may be adopted and thereby acquire certain property rights with respect to the foster parent or parents. (Dom. Rel. Law, § 114.)

However liberal and sweeping the law may be in defining property rights of an adopted child it has not transformed the meaning of the word " child."

There is no such person as a grandchild by adoption. " The words ' leaving a child or children ' * * * contemplated actual parentage." (*Matter of Leask*, 197 N. Y. 193; *Matter of Hopkins*, 102 App. Div. 458.)

In the case at bar, where the testatrix executed her will on July 1, 1920, she was ignorant of the existence of Janet Sisson, the adopted child. The child was taken into the home of Mrs. Sisson prior to the death of the testatrix, but actual adoption took place nearly a year after her death. There is evidence that the testatrix manifested affection for the child. If she desired to make provision for her by will, the addition of a codicil would have been a simple expedient.

I hold and decide that Janet Sisson is not a child of Alice P. Sisson within the meaning and intent of the will of the testatrix and that the trust fund provided by the fourteenth clause of her will is the property of Eugene Conant Sisson.

Decreed accordingly.