IN RE PETITION OF MRS. J. THOMAS LEONARD FOR APPOINTMENT AS EXECUTRIX UNDER THE WILL OF FLORENCE SICELOFF LEONARD.

(Filed 20 December, 1940.)

**1. Executors and Administrators § 1—**

On the first page of the holographic will in question, testatrix made testamentary disposition of her property, and on the second page, labeled "all I have is this," she listed her property and those having same in

their possession, and included in the body of the list the words "Mrs. J. Thom Leonard have this in charge." *Held:* The phrase quoted does not designate the person named therein to administer the estate nor commit the execution of the will to her, and she is not entitled to be appointed executrix.

**2. Wills § 31—**

The rule that a will should be interpreted from its four corners to carry out the intent of testatrix as gathered therefrom does not permit the writing into the will by the court essential words not appearing therein.

APPEAL by respondents from *Nettles, J.,* at September Term, 1940, of DAVIDSON.

The clerk of the Superior Court of Davidson County on 5 September, 1940, admitted to probate the holograph will of the late Florence Siceloff Leonard, who died 24 August, 1940, consisting of two pages, the first of which reads:

"MY REQUEST

"I want after all my expences is paid
One Thousand Dollars ($1,000) be given to Nazareth Orphans Home.
One Thousand dollars ($1,000) be given Bethany Reform Church.
The rest be equaly divided between my nephews and neices just a like.
My personel property be divided as you see best.

FLORENCE SICELOFF LEONARD

"May 20, 1935."

And the second page of which reads:

"ALL I HAVE IS THIS.

"One bon of $225. dollars in Kinston Bank.
Small amount of money in Winston-Salem Bank.
Sister Mary has my bank book.
Lexington Bank & Mortgages have rest of money.
Mrs. J. Thom Leonard have this in charge
Mrs. J. Thomas Leonard have few of my things such as quilts feather bed pillows carpet & few dishes
Pennie have few things be longs to me.
Do away with them as you see best.

FLORENCE SICELOFF LEONARD

"May 20, 1935."

On the day the will was filed for probate Mrs. J. Thomas Leonard filed a petition asking that she be appointed executrix, which petition

the clerk of the Superior Court denied, adjudging as a matter of law that there was no appointment of an executrix made in said will.

From this judgment the petitioner appealed to the judge of the Superior Court, who reversed the judgment of the clerk and remanded the case with the direction that the clerk appoint Mrs. J. Thomas Leonard executrix of the last will and testament of Florence Siceloff Leonard. To this judgment the respondents preserved exception and appealed to the Supreme Court.

*Don A. Walser and Paul R. Raper for petitioner, appellee.*
*P. V. Critcher and W. F. Brinkley for respondents, appellants.*

SCHENCK, J. The sole question presented on this appeal is:
"Does the will of the late Florence Siceloff Leonard name an executrix?" We are constrained to answer in the negative.

The only mention made of Mrs. J. Thomas Leonard is in the second page of the holograph will labeled "All I have is this." The mention of the name of the petitioner, we think, is made simply to designate or locate certain property of the testatrix which the petitioner had in charge or in her possession. We do not see in these words any commitment of the execution of her will to Mrs. J. Thomas Leonard or any designation of her as the person whom the testatrix desired to administer her estate. An executor is "One to whom another man commits by his last will the execution of that will and testament." 2 Bl. Comm., 503.

While it is our duty to interpret the will from its four corners, and to carry out the intent of the testatrix as gathered therefrom, we are not permitted to write into the will that which the testatrix failed so to do.

The judgment of the Superior Court is
Reversed.