In re Will and Estate of CURTIS B. JOHNSON, Deceased.

(Filed 9 May, 1951.)

1. Wills § 31—

The intention of testator as gathered from the entire instrument considered with regard to its general purpose, giving significance to its various expressions considered in the light of such intent, is the will, and to this end the court should place itself as nearly as practical in the position of testator, having regard to the kind, character and extent of his properties, the need for business experience in their management, and the difficulties likely to be encountered in the settlement of the estate.

2. Executors and Administrators § 1—

The rule that a will must be construed to effectuate the intent of testator applies to the appointment of an executor therein.

**3. Executors and Administrators §§ 1, 2b—**

The will in suit, which disposed of a large estate, directed the payment of specified sums to the beneficiaries from the assets, when, as and if conveniently available as determined by testator's widow "who is hereby appointed my executor" and a trust company "hereby appointed trustee of my estate." The widow renounced her right to qualify as executrix. *Held:* The trust company named is entitled to administer the estate either as executor or as administrator *c. t. a.* in accordance with the tenor of the instrument, G.S. 28-22, and therefore judgment of the lower court that the clerk should issue letters testamentary to the trust company rather than to another nominated by the beneficiaries, will not be disturbed on appeal.

**4. Appeal and Error § 38—**

The presumption is in favor of the correctness of the judgment of the lower court, and appellant has the burden of showing prejudicial error.

**5. Appeal and Error § 39a—**

Appellant must make prejudicial error plainly appear and it is insufficient merely to cast doubt upon the accuracy of the judgment of the lower court.

APPEAL by Union National Bank, respondent, and Ida J. Lee, George Lee, Harry Lee and S. M. Lee, Jr., interveners, from *Phillips, J.,* at November, 1950, Regular Civil Term of MECKLENBURG, by consent, judgment signed at Rockingham, 11 December, 1950.

Application and petition of American Trust Company for appointment as executor or administrator with will annexed of the estate of Curtis B. Johnson, deceased.

The record discloses that Curtis B. Johnson, a resident of Mecklenburg County, this State, died 6 October, 1950, leaving him surviving his widow, Irving H. Johnson, one sister, Ida Johnson Lee, and three nephews, George Lee, S. M. Lee, Jr., and Harry Lee, the sister and two of the nephews being residents of California, and one nephew a resident of Michigan.

On 16 October, 1950, the surviving widow appeared before the Clerk and notified him that, after a diligent search, she had been unable to find her husband's will, if any he left, and asked that she and the Union National Bank be appointed co-administrators of his estate, which was done, and they immediately entered upon their duties.

A re-examination of the books and papers of the deceased by the administrators brought forth the discovery that he had left a will in his own handwriting, duly witnessed, and this was presented to the Clerk and admitted to probate 24 October, 1950.

The following provisions of the will are regarded as pertinent for present purposes:

"I give, devise and bequeath to my sister, Ida J. Lee, of Beverly Hills California during her lifetime the home she is now living in at above

location including any interest I may have in the household furniture contained therein. I also direct that she be paid out of my estate the sum of $750.00 per month during her lifetime. After her death this property she is living in to pass into the ownership of my three nephews (naming them). . . .

"In addition to the above gift to the aforesaid nephews, I direct that each of them shall be paid ($25,000) Twenty Five Thousand Dollars from the assets of my estate as if and when the funds are conveniently available as determined by my wife Irving Harding Johnson who is hereby appointed my executor and the American Trust Co. of Charlotte, hereby appointed Trustee of my estate. (Then follows a large number of gifts to executives and employees of *The Charlotte Observer,* personal friends and servants). . . . Payment of all gifts to be made at time payment is made to my three nephews. To my wife I leave the residue of my estate (after payment of funeral expenses, debts and inheritance taxes which he realized would be quite heavy but thought the assets of the Semagraph Company, owned by him, would more than suffice to take care of all obligations without disturbing or in any way encumbering his controlling interest (57½%) in The Observer Co.). . . .

"The 'residue' interest referred to on page 3 of this document is willed to my wife, Irving H. Johnson, for her use and benefit during her life and at her death the (57½%) fifty seven and one half stock interest in The Observer is to pass to my nephews in equal amounts, etc. . . .

"I will that my wife shall become the president of The Curtis B. Johnson Benevolent Association and shall have full and complete control of its operations."

On 4 November, 1950, Mrs. Irving H. Johnson renounced her right to qualify as executrix of her husband's will and filed her dissent therefrom. The Clerk thereupon vacated her previous appointment as co-administratrix of her husband's estate.

Then on 6 November, 1950, the Union National Bank applied to the Clerk for letters of administration *c. t. a.,* accompanying its request with petitions signed by the individual resident legatees under the will, renouncing their rights to qualify as administrators *c. t. a.* and nominating the Union National Bank for such appointment. The nonresident legatees also joined the individual resident legatees by intervention and asked for the same appointment. These petitions, including the intervention of the nonresident legatees, are all dated 24 October, 1950. The petition was allowed on the day of its filing and the appointment was made on the same day.

Two days later, 8 November, 1950, the American Trust Company, corporate trustee-legatee under the will, and the institution with which

the testator did his banking business, filed its application and petition with the Clerk for appointment as executor of the estate, or alternately as administrator *c. t. a.* There is no question as to the fitness and competency of the petitioner to administer the estate and it has at no time renounced or waived any of its rights under the will. Its petition, however, was denied and the appointment of the Union National Bank as administrator *c. t. a.* was confirmed on 20 November, 1950.

From the Clerk's judgment, the American Trust Company appealed to the judge of the Superior Court who reversed the judgment of the Clerk and remanded the proceeding with instructions that the grant of letters of administration *c. t. a.* to the Union National Bank be recalled, and that letters testamentary be issued to the American Trust Company as sole remaining executor under the will of the deceased.

The court therefore deemed it unnecessary to pass upon the alternative application for letters of administration *c. t. a.* and made no ruling in connection therewith.

However, it was suggested in the judgment that, in the event of an appeal, the Clerk appoint "some other discreet person" as collector to preserve the property of the deceased pending appeal.

By consent, the judgment was signed out of term and out of the district at Rockingham, 11 December, 1950.

From this judgment, the Union National Bank and the nonresident legatees, interveners, appeal, assigning errors.

*Tillett, Campbell, Craighill & Rendleman for appellant, Union National Bank.*

*Covington & Lobdell for appellants, Ida J. Lee, et al.*

*Helms & Mulliss and John W. Johnston for appellee, American Trust Co.*

STACY, C. J., after stating the facts as above: The question for decision is whether the testator intended to name, and did name, the American Trust Company as one of the executors of his estate by the tenor of his will or by conferring upon it executorial powers and duties in connection with the administration thereof. The trial court answered in the affirmative, and the parties have filed elaborate briefs with all the North Carolina decisions and many foreign authorities collected on the subject, *e.g.*, on the one side is cited *In re Leonard*, 218 N.C. 738, 12 S.E. 2d 222 (no executor named in the will); and on the other, *Dulin v. Dulin*, 197 N.C. 215, 148 S.E. 175 (held executor appointed by the tenor of the will). 1 Williams Executors (7th Ed.) 281. Upon this line of demarcation the authorities are divided, and each side here seems equally confident that its

position is supported by the record and the pertinent decisions or the clear weight of authority.

The sentence of the will presently in focus is this: "In addition to the above gift to the aforesaid nephews, I direct that each of them shall be paid ($25,000) Twenty Five Thousand Dollars from the assets of my estate as if and when the funds are conveniently available as determined by my wife Irving Harding Johnson who is hereby appointed my executor and the American Trust Co. of Charlotte, hereby appointed trustee of my estate."

The appellants say this sentence is too clear and unambiguous to require any interpretation; that it expresses plainly the intent of the testator and makes known his choice of a testatrix and a trustee of his estate; that the designation "executor" applies equally to a man or a woman; that the testator was a publisher, highly intelligent, fully cognizant of the difference between an executor and a trustee; that he had complete confidence in his wife's business acumen as he also nominated her president-manager of his Benevolent Association; that it is his will that is to be done, *Cannon v. Cannon,* 225 N.C. 611, 36 S.E. 2d 17, and that the language used should be given its plain and obvious meaning. *Krites v. Plott,* 222 N.C. 679, *loc. cit.* 683, 24 S.E. 2d 531. The appellants stake their case on the letter of the will which they say is clear beyond cavil and capable of but a single meaning.

The appellee, on the other hand, says the conclusion of the appellants is too facile for the language employed; that joint executorial powers and duties are conferred on the widow and the American Trust Company; that they together are required to determine "if as and when" the legacies can conveniently be paid—an obligation properly belonging to those who are charged with the management of the estate; that the trust company is named trustee of "my estate," not simply of the trust properties, and that significantly the testator used the word "executor," applicable alike to both, rather than the more accurate denomination "executrix," if he had intended his widow alone to administer his estate. The appellee relies on the tenor of the will which it says reveals the appointment of the American Trust Company trustee of the estate *ipsissimis verbis* and coexecutor by the tenor.

The solution of the problem is to be found in the expressed purpose of the testator. His intention is his will. This intention is to be gathered from the general purpose of the will and the significance of the various expressions, enlarged or restricted according to their real intent. A thing within the intention is regarded within the will though not within the letter. A thing within the letter is not within the will if not also within the intention. This applies to the appointment of an executor as well as to any other provision in the will. *Cannon v. Cannon, supra; Bank v.*

*Corl,* 225 N.C. 96, 33 S.E. 2d 613; *Trust Co. v. Miller,* 223 N.C. 1, 25 S.E. 2d 177; *Williams v. Rand,* 223 N.C. 734, 28 S.E. 2d 247; *Harper v. Harper,* 148 N.C. 453, 62 S.E. 553; 23 C.J. 1020; 21 Am. Jur. 405.

In searching for the intent or purpose of the testator in naming one or more personal representatives of his estate it is competent to consider the kind and character and extent of his properties; the need of business experience in their management, and the difficulties likely to be encountered in the settlement of the estate. Consequently the court should place itself as nearly as practicable in the position of the testator, so as to appreciate and understand his viewpoint and purpose at the time of the execution of the will. *Heyer v. Bulluck,* 210 N.C. 321, 186 S.E. 356; *Herring v. Williams,* 153 N.C. 231, 69 S.E. 140.

We find ourselves in disagreement on the question presented, but we are of opinion that the American Trust Company is entitled to administer the estate either as executor or as administrator with the will annexed. G.S. 28-22. Hence, rather than prolong the litigation with further debate or extended discussions, we have concluded to affirm the judgment without lengthy opinions, which the briefs would seem to invite, holding that the appellants have failed to overcome the presumption of regularity or correctness or to show harmful error in the judgment on their appeal. *Call v. Stroud,* 232 N.C. 478, 61 S.E. 2d 342.

To prevail here, the party alleging error has the laboring oar, which he must successfully handle, and that against the tide. *Gibson v. Dudley, ante,* 255, 63 S.E. 2d 630; *Cole v. R. R.,* 211 N.C. 591, 191 S.E. 353. Nor is it sufficient merely to cast doubt on the accuracy of the judgment. *In re Ross,* 182 N.C. 477, 109 S.E. 365. Prejudicial error is required to be shown, and it must be made to appear plainly, as the presumption is the other way. The appellant has the burden of showing error. *Nichols v. Trust Co.,* 231 N.C. 158, 56 S.E. 2d 429; *S. v. Shepherd,* 230 N.C. 605, 55 S.E. 2d 79.

The intention of the testator in respect of the appointment of the institution with which he did his banking business, the American Trust Company, as an executor of his estate, also "appointed trustee of my estate" in the same sentence, is not so wanting in clarity, equivocal or doubtful as to call for a reversal of the judgment below. It is certain he never had a business stranger like the Union National Bank in mind; it is nowhere mentioned in the will.

Affirmed.