WACHOVIA BANK & TRUST COMPANY, EXECUTOR AND TRUSTEE UNDER THE LAST WILL AND TESTAMENT OF DUNCAN CAMERON WADDELL, JR., DECEASED, v. VAUGHN A. WADDELL, WIDOW; MARY WADDELL JORDAN, WIDOW; KATE WADDELL, UNMARRIED; FRANCIS C. JORDAN; MARY JORDAN, UNMARRIED; JANET JORDAN, UNMARRIED; BETTY JORDAN JACOBS AND HER HUSBAND, R. L. JACOBS; THORNTON JORDAN, A MINOR; RALPH E. LEE, STEPHEN R. ADAMS; THE UNIVERSITY OF NORTH CAROLINA; ALL BODILY HEIRS OF FRANCIS C. JORDAN AND MARY JORDAN NOT NOW IN ESSE; LYNN BARNARD JACOBS, A MINOR; ALL UNKNOWN BODILY HEIRS OF FRANCIS C. JORDAN AND MARY JORDAN, NOW LIVING.

(Filed 18 March, 1953.)

**1. Executors and Administrators § 29—**

When testator stipulates in his will the compensation to be paid his executor, such provisions are binding on all interested parties.

**2. Same—**

In the absence of a provision in the will fixing the compensation of the executor, it is the prerogative of the clerk of the Superior Court, acting as probate judge, to make an allowance to the executor, by way of commissions, within the statutory maximum of 5% of receipts and disbursements,

for services rendered in the settlement of the estate, taking into consideration the time, responsibility, trouble and skill involved therein. G.S. 28-170.

**3. Same—**

Where the will provides that the executor is not to receive more than 2½% on receipts nor more than 2½% on disbursements, the will does not fix or purport to fix the compensation to be paid the executor but merely fixes a maximum percentage on receipts and disbursements in lieu of that fixed by statute, to guide the clerk in making an allowance to the executor, and in doing so the clerk must of necessity construe the word "receipts" as used in the will.

**4. Same—**

An executor has no right to determine and charge the compensation to be received by him.

**5. Wills § 31—**

When the meaning of any part of a will is a subject of controversy, it is the prerogative of the court to construe the contested provision and declare the true meaning thereof to effectuate the intent of the testator as expressed in the instrument.

**6. Same—**

In ascertaining the intent of testator, the will is to be considered in the light of the conditions and circumstances existing at the time the will was made.

**7. Same—**

Ordinarily, words used in a will are to be construed as having the ordinary, natural, and customary meaning given them at the time of their use, unless it clearly appears that they were used in some other sense.

**8. Same—**

If words at the time of their use in a will had a well known legal or technical meaning, they are to be so construed unless the will itself discloses that another meaning was intended.

**9. Appeal and Error § 40d—**

The rule that, nothing else appearing, it will be presumed that the judge found facts sufficient to support the judgment entered, does not apply when it is clearly apparent upon the record that the court acted under an erroneous conception of the applicable law.

**10. Appeal and Error § 1—**

In the absence of a ruling by the lower court upon a particular matter, the Supreme Court on appeal may not determine the question, since in such instance it has no original jurisdiction.

DEVIN, C. J., took no part in the consideration or decision of this case.

APPEAL by defendant Kate Waddell from *Gwyn, J.,* November Term, 1952, BUNCOMBE. Error and remanded.

This action was originally instituted to obtain the instructions of the court in respect to certain questions which had arisen in the course of the administration of the estate of plaintiff's testator. It has been before this Court on two prior appeals. (See 234 N.C. 34, 234 N.C. 454). This appeal relates only to the commissions by way of compensation to be allowed the executor for its services.

The estate of testator, the total value of which exceeded one and one quarter million dollars, consisted very largely of municipal, county, state, and U. S. bonds and corporate stocks. In addition there was certain personal property of a relatively minor value. The executor received in cash, dividends collected, etc., $116,881.41 and disbursed $453,205.08, a part of which was the proceeds of assets sold in the course of the administration. The total value of choses in action, personal property, and cash (other than from the sale of assets) plus the disbursements totals $1,736,415.98.

In ITEM SIXTEEN of his will the testator provides that: "My Executor and Trustee is not to receive more than (2½%), two and one half per cent on receipts, nor more than (2½%), two and one half per cent on disbursements." The executor filed its final account in which it claimed credit for compensation equal to 2½% of the value of all personal property received and 2½% of total disbursements. In addition, 2½% of receipts and disbursements of income from real and personal property during administration in the sum of $2,757.04 was claimed. The summary schedule of commissions charged contains the following: "Commission—2½ x $1,736,415.98 = $43,410.39, per will." And the account of expenditures includes this item, to wit: "Wachovia Bank & Trust Co., 2½% on receipts and expenditures of personal property ($1,736,415.98), as per will $43,410.39."

Beneficiaries appeared before the clerk and objected to the claim or credit for compensation. The clerk approved the account as filed. The beneficiaries excepted and appealed to the judge of the Superior Court. Thereafter the plaintiff filed a motion in this cause, praying a formal approval of its final account.

At the hearing in the court below the motion in this cause and the appeal from the clerk were consolidated for hearing. The court, upon consideration of the motion and appeal, concluded that it had jurisdiction to treat the motion "as a petition praying for an account and settlement of said estate as authorized by General Statutes, Section 28-165," and entered its order dismissing the appeal from the clerk and approving the account filed. Kate Waddell, one of the beneficiaries under the will, excepted and appealed.

*Bernard, Parker & McGuire for plaintiff appellee.*

*Andrew Joyner, Jr., for defendant Kate Waddell, appellant.*

BARNHILL, J.   Whether this action was open for a motion for an account and settlement of testator's estate under G.S. 28-165 is not presented for decision.   There was no objection or exception to the procedure adopted by the court below and, in any event, the material questions at issue were presented by the appeal from the clerk.

The objections and exceptions of appellant to the final account of plaintiff executor before the clerk and in the court below challenge both the reasonableness of the amount of commissions allowed plaintiff and the basis upon which the commissions were allowed.   These exceptions raise two material questions for the clerk, in the first instance, and the judge, on appeal, to decide, to wit: (1) What is the meaning of the word "receipts" as used in ITEM SIXTEEN of the will limiting the amount of commissions to be paid the executor, and (2) what amount should be paid to plaintiff in compensation for its services in settling the estate of the testator?

A testator may stipulate in his will the compensation to be paid the person appointed executor with power to settle his estate.   When this is done the provisions of the will are binding on all interested parties, *Lightner v. Boone,* 221 N.C. 78, 19 S.E. 2d 144.   But an executor has no right to fix and determine the compensation to be received by him.   In the absence of a provision in the will fixing the compensation of the executor, it is the prerogative of the clerk of the Superior Court, acting as probate judge, to make an allowance to an executor, by way of commissions, for services rendered in the settlement of the estate committed to his care, in no event, however, to exceed 5% of receipts and disbursements.   And in determining the amount to be allowed, the clerk must "consider the time, responsibility, trouble and skill involved in the management of the estate."   G.S. 28-170; *Grant v. Reese,* 94 N.C. 720; *Bank v. Bank,* 126 N.C. 531; *In re Hege,* 205 N.C. 625, 172 S.E. 345.

Here the will does not fix or purport to fix the compensation to be paid testator's executor as compensation for services in settling his estate.   It merely fixes the maximum percentage on receipts and disbursements at 2½%.   It was, therefore, the duty of the clerk to make an allowance to plaintiff for services rendered as executor, subject to the maximum limitation stipulated in the will rather than the maximum fixed by statute. G.S. 28-170; *Lightner v. Boone, supra.*

But in performing this duty it was necessary for the clerk to consider, determine, and abide by the meaning of the word "receipts" as used by the testator in ITEM SIXTEEN of his will.

A will, as to its dispositive provisions, speaks as of the date of the death of the testator. But when the meaning of any part of a will is the subject of controversy, it is the prerogative of the court to construe the contested provision and declare the true meaning thereof. And in construing a will, or any part thereof, the discovery of the intent of the testator, as expressed in his will, is the dominant and controlling objective, for the intent of the testator, as so expressed, is his will. *Woodard v. Clark,* 234 N.C. 215, 66 S.E. 2d 888; *Trust Co. v. Schneider,* 235 N.C. 446, 70 S.E. 2d 578, and cases cited.

In ascertaining the intent of the testator, the will is to be considered in the light of the conditions and circumstances existing *at the time the will was made.* *Scales v. Barringer,* 192 N.C. 94, 133 S.E. 410; *Heyer v. Bulluck,* 210 N.C. 321, 186 S.E. 356; *Cannon v. Cannon,* 225 N.C. 611, 36 S.E. 2d 17; *In re Will of Johnson,* 233 N.C. 570, 65 S.E. 2d 12.

". . . the court should place itself as nearly as practicable in the position of the testator . . . at the time of the execution of the will." *In re Will of Johnson, supra.* And ordinarily, words used in a will are to be construed as having the ordinary, natural, and customary meaning given them at the time of their use, unless it clearly appears that they were used in some other sense. *Williams v. McPherson,* 216 N.C. 565, 5 S.E. 2d 830; *Bank v. Phillips,* 235 N.C. 494, 70 S.E. 2d 509; *Sharpe v. Isley,* 219 N.C. 753, 14 S.E. 2d 814; *In re Will of Johnson, supra.* If words at the time of their use had a well-known legal or technical meaning, they are to be so construed unless the will itself discloses that another meaning was intended. *Ferguson v. Ferguson,* 225 N.C. 375, 35 S.E. 2d 231; *Henry v. Leather Co.,* 234 N.C. 126, 66 S.E. 2d 693. See also 2 Schouler on Wills, Executors and Administrators, 6th Ed., 984, 1094; 2 Page Wills, Lifetime Ed., 815-16, 894, 898.

Usually, nothing else appearing, it is presumed that the judge found facts sufficient to support the judgment entered, but that rule has no application here, for it is apparent from an examination of the record before us that both the clerk and the judge allowed compensation to plaintiff upon the assumption the will fixes the rate of compensation and directs that $2\frac{1}{2}\%$ be allowed on the total value of all bonds, stocks, cash, and other personal property received by the executor. The compensation allowed is so estimated "as per will." Thus they acted under an erroneous conception of the applicable law.

The appellant is entitled to have the clerk in good faith fix the compensation to be allowed plaintiff as provided in G.S. 28-170. In so doing the clerk is limited to a maximum of $2\frac{1}{2}\%$ of the total receipts and disbursements. In determining this question he must of necessity construe the meaning of the word "receipts" as used in the will. From his findings and conclusions any interested party may appeal. *Bank v. Bank, supra.*

"Why doesn't this Court perform this judicial function and be done with it? Simply because this Court possesses no original jurisdiction in such matters. Its duty is to review the decisions of the Superior Courts of the State." *Woodard v. Clark, supra.* Furthermore, the allowance of commissions, by way of compensation, to an executor ᵥrequires the exercise of judicial discretion and judgment by the clerk of the Superior Court. It is he who has original jurisdiction. If any interested party conceives that the allowance made by him is either inadequate or excessive, or is made under an erroneous conception of the law, he may appeal. *Bank v. Bank, supra.*

For the reasons stated the judgment entered is vacated. The court below is directed to remand the appeal from the clerk to the end that he may allow plaintiff compensation for its services in accord with this opinion. In the meantime, this cause will remain on the docket for further proceedings after final judgment by the clerk fixing the compensation of plaintiff and approving its final account.

Error and remanded.

DEVIN, C. J., took no part in the consideration or decision of this case.