ALBERT BULLOCK AND GEORGE BULLOCK; AND CHARLES WILLIAM BULLOCK, GEORGIA ANN BULLOCK AND LINDA MARIE BULLOCK, MINORS, BY THEIR NEXT FRIEND, DELPHIA B. BULLOCK v. LILA FAYE BULLOCK AND MARTHA JOY BULLOCK.

(Filed 14 January, 1960.)

**1. Wills § 34b—**

As a general rule, in the absence of language showing an intent to the contrary, a child adopted to the knowledge of the testator in ample time for testator to have changed his will so as to exclude such child if he had so desired, will be included in the word "children" when used to designate a class which is to take under the will.

**2. Same—**

Where the language of the will expresses the intent of the testator that his land should go to his named children for life and then to testator's grandchildren "from my said sons," the adopted children of a child of testator does not take in the absence of an expression of intent to the contrary, since an adopted child of a child of testator is not a grandchild of testator. Further, in this case, it did not appear that testator knew of the adoptions, or if he did have knowledge thereof that his mental and physical capacities were such that he could have changed his will after the adoptions, had he so desired.

**3. Wills § 31—**

The intent of testator is ordinarily to be ascertained from an examination of his will from its four corners but, when necessary in order to ascertain such intent, the court may consider the will in the light of testator's knowledge of certain facts and circumstances existing at the time of or after execution of the will.

Appeal by plaintiffs from *Hobgood, J.,* May Civil Term, 1959, of Robeson.

This is an action instituted pursuant to the provisions of our Declaratory Judgment Act (G.S. 1-253 through 1-267) for the purpose of obtaining from the court a construction of certain provisions of the last will and testament of W. B. Bullock, deceased.

The facts necessary to an understanding of the questions presented for determination are as follows:

1. The testator executed his will on 24 October 1936. He died on 25 February 1957, at the age of 93, leaving said last will and testament which has been duly probated and recorded in the office of the Clerk of the Superior Court of Robeson County.

2. Letters testamentary were duly issued to the executrix and the administration of said estate has been duly made and final accounting filed; that the personal property belonging to said estate was sufficient to pay all debts and charges of the administration.

3. Item 3 of said will, which is to be construed, provides as follows: "I give, devise and bequeath to my four sons, namely: Albert Bullock, Clifford Bullock, Ray Bullock and George Bullock, during the term of their natural lives to be equally divided among them all of my land and farm in Fairmont Township, adjoining the lands of Braswell Estate, Spurgeon Floyd, C. A. Inman and others, containing 106 acres, more or less. To have and to hold, the same unto them, during the term of their natural lives and after their death to their children in fee simple, but in case either of my sons should die without leaving children capable of inheriting said lands, then and in that event the part of said land that would go to such an (sic) one, or more of them, shall be and belong to the children of the one or those who remain; it being my desire and intention to so convey this property that my said sons shall have the full benefit of their own several use during their natural lifetime, and, after their death, that my grandchildren shall have the use of same during their life, that is, my grandchildren from my said sons. I am making this provision in this item of my will, not that I have any suspicion of either one of my said sons not being able to look after his interest, but the property being mine, I desire that it shall go and be used according to my will and pleasure."

4. Lila Bullock was duly appointed guardian *ad litem* for Lila Faye Bullock and Martha Joy Bullock, minors, and filed an answer to the complaint on their behalf.

5. That said testator left surviving him at least eight children, including the four sons named in Item 3 of the will; also one other son not mentioned in said will. That several months following the death

of testator, Ray Bullock died without leaving any children; several months later Clifford Bullock died without leaving any natural children; that the said Clifford Bullock left two adopted children, namely, Lila Faye Bullock, now age 12, and Martha Joy Bullock, now age 10. That the adoption proceeding for Lila Faye Bullock was instituted on 14 July 1948 and final order of adoption was duly entered on 3 December 1949; that the adoption proceeding for Martha Joy Bullock was instituted on 18 August 1949 and final order of adoption was entered on 3 October 1950.

6. That plaintiff Albert Bullock does not have any children. That plaintiff George Bullock is the father of three children, namely, Charles William Bullock, Georgia Ann Bullock, and Linda Marie Bullock.

Upon the foregoing, the court adjudged and decreed:

"(a) That defendants Lila Faye Bullock and Martha Joy Bullock, as adopted children of Clifford Bullock, deceased, inherit under the last will and testament of W. B. Bullock to the same extent as if they were natural children of the said Clifford Bullock.

"(b) That under Item 3 of said last will and testament, Albert Bullock, Clifford Bullock, Ray Bullock and George Bullock each became the owner of a life estate of a one-fourth undivided interest in that part of the 106 acres referred to in said item of said last will and testament and still owned by W. B. Bullock at the time of his death.

"(c) That upon the death of Ray Bullock, Lila Faye Bullock, Martha Joy Bullock, Charles William Bullock, Georgia Ann Bullock and Linda Mae Bullock became fee simple owners as tenants in common, share and share alike, in a one-fourth undivided interest in said lands.

"(d) That upon the death of Clifford Bullock, Lila Faye Bullock and Martha Joy Bullock became the fee simple owners of a one-fourth undivided interest in said lands.

"(e) That Charles William Bullock, Georgia Ann Bullock, and Linda Marie Bullock, as children of George Bullock, are the fee simple owners of a one-fourth undivided interest in said lands, subject to the life estate of the said George Bullock and subject to further children being born to the said George Bullock.

"(f) That the ownership of the fee in remainder in the one-fourth undivided interest in which plaintiff Albert Bullock owns a life estate must be determined as of the date of his death."

From the conclusions of law set forth in paragraphs (a), (c) and (d), and included in the judgment entered below, the plaintiffs appealed and assigned such conclusions as error.

*Britt, Campbell & Britt for plaintiffs.*
*F. L. Adams and Hackett & Weinstein for defendants.*

DENNY, J.   The primary question to be determined on this appeal is whether or not it was the intent of the testator to include any child or children who might be adopted by any one or more of his sons named in Item 3 of his last will and testament, as ultimate taker or takers of a fee simple estate thereunder.

If the testator had devised his 106-acre farm to his four sons named in Item 3 of his last will and testament, during the term of their natural lives, to be equally divided among them, and after their death to their children in fee simple, and if any one or more of them died without children then to the children of the other sons named in his will, there would be no question about these adopted children taking under such provisions. *Smyth v. McKissick*, 222 N.C. 644, 24 S.E. 2d 621; *Bradford v. Johnson*, 237 N.C. 572, 75 S.E. 2d 632.

However, the testator went further, and in a sense interpreted what he meant by the children of his sons.   He devised the 106-acre farm to his four sons named in Item 3 of his will "during the term of their natural lives, to be equally divided among them." Then he continued by adding, "To have and to hold, the same unto them, during the term of their natural lives and after their death to their children in fee simple, but in case either of my sons should die without leaving children capable of inheriting said lands, then in that event the part of said land that would go to such a one, or more than one, shall be and belong to the children of the one or those who remain"; the testator further revealed his intent by saying, "it being my desire and intention to so convey (devise) this property that my said sons shall have the full benefit of their own several use during their natural lifetime, and, after their death, that *my* grandchildren shall have the use of same during their life, that is, *my* grandchildren from *my* said sons." (Emphasis added.)

We think by the use of the phrase, "but in case either of my sons should die without leaving children capable of inheriting said lands," the testator intended to restrict the fee simple takers under Item 3 of his will to the legitimate issue of his said four sons; and an adopted child is not the issue of its adoptive parents. *Bradford v. Johnson, supra.*

It seems to be the general rule that where no language showing a contrary intent appears in a will, a child adopted either before or after the execution of the will, but prior to the death of the testator, where the testator knew of the adoption in ample time to have changed his will so as to exclude such child, if he so desired, such adopted child

will be included in the word "children" when used to designate a class which is to take under the will. *Trust Co. v. Green,* 239 N.C. 612, 80 S.E. 2d 771; *Bradford v. Johnson, supra;* and cited cases.

It seems to be equally true that when a testator makes a devise to the children of his children in fee simple, subject to the life estates of his children, and then states it to be his desire and intention that after the death of his children, the life tenants, his grandchildren are to take the property, an adopted child or children of a child who was devised a life estate will not be construed to be included as a grandchild or grandchildren. In other words, the grandchildren of a testator, nothing else appearing, does not include an adopted child of a son or daughter of the testator. *Fidelity Union Trust Co. v. Hall,* 125 N.J. Eq. 419, 6 A 2d 124; *Dulfon v. Keasbey,* 111 N.J. Eq. 223, 162 A 102; *In re Olmsted's Will,* 277 App. Div. 1092, 101 N.Y. Supp. 2d 152; *In re Loghry's Will* (*Surr.* 1952), 113 N.Y. Supp. 2d 301; *In re Conant's Estate,* 144 Misc. 743, 259 N.Y. Supp. 885; *Comer v. Comer,* 195 Ga. 79, 23 S.E. 2d 420; 95 C.J.S., Wills, § 663, page 973. Cf. *Barton v. Campbell,* 245 N.C. 395, 95 S.E. 2d 914.

It is said in *Fidelity Union Trust Co. v. Hall, supra,* "The will * * * was executed prior to the adoption, and by a stranger to the adoption. Under these circumstances, an adopted child of a child of the testator * * * does not take under a gift to 'grandchildren' of the testator * * * unless there be other evidence in the instrument or the surrounding circumstances sufficient to show an intent by the testator that he should take."

In *Dulfon v. Keasbey, supra,* where the testator had devised property to his "grandchildren," the Court said: " * * * he meant his sons' children begot, as in Genesis; those of his loins, the stock of which he was the ancestor; and not children artificially created by law."

In *In re Conant's Estate, supra,* the New York Court said: "There is no such person as a grandchild by adoption."

In the case of *Comer v. Comer, supra,* the child involved was adopted after the death of the testator by a daughter of the testator. The plaintiff in the case was the adopted child; by his guardian he was seeking to secure a share in the testator's estate under a devise to the "grandchildren" of the testator. The Court said: " * * * no act of the testator's daughter in adopting a child, whether before or after his death, could have created any relationship between such child and the testator, so as to make that child his own grandchild, upon whom he might naturally desire to bestow a bounty * * * "

The intent of a testator is ordinarily to be ascertained from an examination of his will from its four corners. Even so, it is permissible,

when necessary in order to ascertain such intent, for the court to consider the will in the light of the testator's knowledge of certain facts and circumstances existing at the time of or after the execution of the will. *Bradford v. Johnson, supra; Trust Co. v. Waddell,* 237 N.C. 342, 75 S.E. 2d 151; *In re Will of Johnson,* 233 N.C. 570, 65 S.E. 2d 12; *Trust Co. v. Bd. of National Missions,* 226 N.C. 546, 39 S.E. 2d 621; *Cannon v. Cannon,* 225 N.C. 611, 36 S.E. 2d 17; *Heyer v. Bulluck,* 210 N.C. 321, 186 S.E. 356.

The testator herein executed his will in 1936, and the defendants, the adopted children of Clifford Bullock, were not adopted until some six or eight years prior to the death of the testator on 25 February 1957. Moreover, there is nothing in the record to indicate whether or not the testator knew of these adoptions, or whether or not his mental and physical capacities were such that he would have been capable of changing his will after these defendants were adopted, if he had so desired.

In our opinion, the defendants herein took nothing under the terms and provisions of Item 3 of the last will and testament of W. B. Bullock, deceased, and we so hold. Therefore, (1) upon the death of Ray Bullock, Charles William Bullock, Georgia Ann Bullock and Linda Marie Bullock became fee simple owners, as tenants in common, share and share alike, in a one-fourth undivided interest in the lands devised in Item 3 of said will. (2) That upon the death of Clifford Bullock, Charles William Bullock, Georgia Ann Bullock and Linda Marie Bullock became the fee simple owners, as tenants in common, share and share alike, in an additional one-fourth undivided interest in the aforesaid lands. (3) That Charles William Bullock, Georgia Ann Bullock and Linda Marie Bullock, as children of George Bullock, are the fee simple owners of a one-fourth undivided interest in said lands, subject to the life estate of their father, George Bullock, and subject to further children being born to said George Bullock.

The judgment entered below is hereby modified to the extent pointed out herein, otherwise it is affirmed.

Modified and affirmed.