*In re* ESTATE OF SEYMOUR S. SILVERMAN, Deceased—(BENJAMIN D. STEIN, Appellant, *v.* SARA SILVERMAN, Appellee.)

(No. 54986;

First District—June 6, 1972.

*Rehearing denied June 28, 1972.*

Silverstein & Stein, of Chicago, (Irving Goodman, of counsel,) for appellant.

Mr. JUSTICE LEIGHTON delivered the opinion of the court:

■■ There are two issues in this appeal. 1. Whether in proceedings to admit a will to probate the trial court erred in denying appellant a change of venue. 2. Whether in his self-drawn will, Seymour S. Silverman named Ben Stein as the executor of his estate. Benjamin D. Stein (also known as Ben Stein), Silverman's auditor and "trusted friend" is the appellant. The appellee is Sara Silverman, the widow. Appellee has not appeared in this court. Consequently, we lack the assistance of a brief in support of the judgment below. Nonetheless, we will review the appeal on its merits. *Daley v. Jack's Tivoli Liquor Lounge, Inc.*, 118 Ill.App.2d 264, 254 N.E.2d 814.

On October 5, 1961, Seymour Silverman, a layman, prepared his own will. In a preliminary paragraph, Silverman said his will had two parts. Part one made provision in the event "[I] should become deceased and leave my wife a widow * * *." Part two made provision in the event "[b]y some accident both myself and my wife become deceased." In the opening paragraph of part one, Silverman provided that "[i]t is my demand and desire that [my wife] work very closely with my trusted friend and my auditor, Ben Stein * * * in the disposition of my assets." Neither in the preliminary paragraphs nor in part one of the will was there any reference to an executor.

In part two, Silverman, after making bequests, provided that "[o]ur trusted friend, Ben Stein, is hereby appointed our executor and trustee of our complete assets * * *." Silverman died on June 20, 1969, leaving property in Florida and Illinois. He was survived by appellee (a resident of Florida), two children by a former marriage and two adopted children. His will was offered for probate in the county court of Dade County, Florida and admitted July 8, 1969, with the finding "[t]hat the testator attempted ineffectually to appoint [appellee] and [appellant] as executors of his estate * * *." The court then appointed appellee the "administratrix *cum testamento annexo*."

Silverman's will was offered for probate in Cook County by appellant on October 17, 1969. In his petition, appellant alleged that he was

nominated by the testator to be executor of the estate. A short time later, appellee appeared and objected to appellant's appointment as executor. She asked for and was allowed leave to petition for probate of Silverman's will and issuance of letters of administration with will annexed. In her petition, appellee alleged that Silverman did not nominate an executor. Relying on Ill. Rev. Stat. 1969, ch. 3, par. 96,[1] appellee nominated Al W. Kohn, an Illinois resident who she alleged was qualified and willing to act as administrator of Silverman's estate. On January 13, 1970, the trial court entered an order which after stating that the petitions were heard, that arguments of counsel were considered and that the court was advised concerning the matter, ordered the parties to file memoranda of law within ten days. The cause was continued to January 27, 1970, "at which time the court proposes to render its decision." Thereafter, memoranda were filed.

On the continued day, when the parties appeared in court, appellant filed a petition for change of venue. Appellee's counsel objected on the ground that the cause had been heard and set for disposition. After listening to the lawyers, the trial judge reminded counsel that "[o]n January 13, 1970, when this matter was up, arguments were heard by the court, and the matter was put over to today for further hearing or for final adjudication  *  *  *." The trial judge then denied the petition.

The cause was continued to a date three days later. On that day, the court sustained appellee's objections to the issuance of letters testamentary to appellant, granted appellee's petition for probate of the will and issued letters of administration with the will annexed to Al W. Kohn, the Illinois resident nominated by appellee.

We will first decide whether the trial court erred in denying appellant's petition for change of venue.

■■ The record shows that on the day appellant sought change of venue, the trial court had under advisement substantive questions presented by two petitions to probate the will of Seymour S. Silverman. Arguments had been heard. Briefs had been filed. Disposition was scheduled. Under these circumstances, the petition was obviously an attempt to avoid an adverse ruling. It was an abuse of the change of venue statute. (*Paramount Paper Tube Corp. v. Capital Eng. & Mfg. Co.,* 11 Ill.App.2d 456, 138 N.E.2d 81.) It sought a result not contemplated by the Venue Act, Ill. Rev. Stat. 1969, ch. 146, par. 1, *et seq.* (Compare

---

[1] Ill. Rev. Stat. 1969, ch. 3, par. 96
§ 96 (Prob. Act. § 96). Persons Entitled to Preference in Obtaining Letters
The following persons are entitled to preference in the following order in obtaining the issuance of letters of administration of the various kinds: ·
(1) The surviving spouse or any person nominated by him.

*Hildebrand v. Hildebrand,* 41 Ill.2d 87, 242 N.E.2d 145.) Therefore, we hold that the trial court did not err in denying appellant's petition for change of venue.

We now decide whether Seymour S. Silverman named appellant the executor of his estate.

■■ An executor is a person who either expressly or by implication is appointed by a testator to carry out the testator's directions concerning the dispositions he makes under his will. (*Patterson's Executor v. Dean* (1931), 241 Ky. 671, 676, 44 S.W.2d 565.) The testator's will must import that the person named, or one implied, shall collect dues, pay the testator's debts, discharge the legacies and settle the estate. (*In re Hill's Estate* (1903), 102 Mo.App. 617, 77 S.W. 110.) When it is claimed that a testator has designated a person as his executor, the will must name or provide the means by which the intended executor can be identified. The will must evidence the intention of the testator that such person act as his executor. (*In re Leonard's Will* (1940), 218 N.C. 738, 12 S.E.2d 222; 33 C.J.S. Executors and Administrators, par. 22 b (1).) However, it is not necessary to the designation that the word "executor" be used. (*In re Spencer's Estate* (1928), 203 Cal. 424, 264 P. 765.) Any word (or combination of words) that confers on a person, expressly or by implication, the rights, powers and duties of an executor, is an appointment under the will. *In Re Parker's Estate* (1927), 202 Cal. 138, 259 P. 431; *Dulin v. Dulin* (1929), 197 N.C. 215, 148 S.E. 175.

The self-drawn will of Seymour Silverman, to quote what appellant says in his brief, "[i]s replete with omissions, ambiguities and inconsistencies." It is a "[w]ill which he divided in a confusing manner, in two parts * * *." Bearing in mind the omissions, ambiguities and inconsistencies, this layman's will is susceptible to the construction that part one was to take effect if the testator's widow survived him (which in fact occurred) and part two was to take effect if the testator's wife predeceased him.

■■ Part one of the will does not name an executor, although it mentions appellant by name. This part does not contain any word (or combination of words) which expressly or by implication confers on appellant the right, powers and duties of an executor. There is no suggestion, anywhere in the will, that appellant is to collect dues, pay Silverman's debts, discharge legacies and settle the estate. For these reasons, the trial judge correctly concluded that Seymour S. Silverman did not name appellant the executor of his estate. The judgment is affirmed.

Judgment affirmed.

STAMOS, P. J., and SCHWARTZ, J., concur.